### 52107. WHITE REPAIR & CONTRACTING COMPANY v. KRASNOFF et al.

CLARK, Judge.

1. "Where a contract has been broken, the law seeks to give such damages as will put the injured party in the same position as if the contract had been kept; subject, however, to the exception that damages which are speculative, consequential, or of a nature not reasonably within the contemplation of both parties as a natural and probable result of a breach, are not recoverable. Where a builder agrees to erect a building within a certain time, knowing that it has been leased from the time named for its completion, and breaks the stipulation as to time, he is ordinarily liable to the owner for loss of rent . . ." *Albany Phosphate Co. v. Hugger Bros.,* 4 Ga. App. 771 (3, 3a) (62 SE 533). See also *Concrete Materials v. Smith & Plaster Co.,* 127 Ga. App. 817 (195 SE2d 219).

2. The trial court did not err in rendering a judgment against defendant contractor for loss of rentals. The

evidence shows that there was a contract to repair plaintiff's apartment building followed by an accord and satisfaction thereof which contained a warranty. The rent loss was traceable to defendant's breach of the latter agreement.

3. The five apartments which defendant contracted to repair collectively rented for $1,090 per month. The expense of utilities (which was to be paid by plaintiff as landlord) was $70 monthly per apartment. The apartments were not rented for two months due to defendant's breach of the contract.

The trial court determined the loss of rent to be $2,110 (the rental income for two months "minus the cost of utilities" (R. 14)) and entered judgment for that amount. The judgment is slightly excessive by reason of a miscalculation. Such mathematical error is understandable in view of the complex nature of the claims presented during a two-day non-jury trial dealing with disputed items involved in a $51,968.86 contract for repairing fire damage to buildings. The cost of the utilities for the five apartments over a two month period was $700. (The trial court[1] mistakenly determined that the monthly expense of utilities for the five apartments was $70). Thus, the proper computation of damages for the rentals loss was $2,180 less $700, or $1,480.

*Judgment affirmed on condition that the amount in excess of $1,480 be written off; otherwise reversed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED APRIL 6, 1976 — DECIDED APRIL 23, 1976 —
REHEARING DENIED MAY 12, 1976.

*Bailey & Shumaker, Kirby G. Bailey,* for appellant.
*Flemister, Beasley, Baird & Slotin, James L. Flemister,* for appellees.

---

[1] The ivory tower atmosphere of an appellate court as contrasted with the trial tribunal turmoil makes it easier for us to avoid arithmetic errors.