## 61317. INDUSTRIAL WELDING & TOOL SUPPLIES, INC. v. CIT CORPORATION.

DEEN, Presiding Judge.

Industrial Welding & Tool Supplies, Inc. (hereinafter referred to as "Industrial"), brought suit against CIT Corporation alleging that CIT had breached an agreement to lend it $132,000 at 12 percent interest repayable in 60 monthly installments. Appeal is brought from the grant of CIT's motion for summary judgment. *Held:*

CIT contends that the trial court correctly granted its motion because the alleged oral contract was within the Statute of Frauds and that the documentary evidence is not sufficient to form a memorandum that will satisfy the provisions of Code Ann. § 20-401 which provides: "To make the following obligations binding on the promisor, the promise must be in writing, signed by the party to be charged therewith, or some person by him lawfully authorized, viz: ... 5. Any agreement (except contracts with overseers) that is not to be performed within one year from the making thereof."

"To constitute a writing within the meaning of the statute of frauds our courts have held that there must be a writing binding on the party sought to be charged. *Capital City Brick Co. v. Atlanta Ice &c. Co.,* 5 Ga. App. 436, 442 (63 SE 562). 'The statute of frauds does not require that all the terms of the contract should be agreed to or written down at one and the same time, nor on one piece of paper; but where the memorandum or the bargain is found on separate pieces of paper, and where these papers contain the whole bargain, they form together such a memorandum as will satisfy the statute, provided the contents of the signed paper make such references to the other written paper or papers as to enable the court to construe the whole of them together as containing all the terms of the bargain.' *North & Co. v. Mendel & Brother,* 73 Ga. 400 (2); *Gordon v. Beck & Gregg Hardware Co.,* 74 Ga. App. 566, 572 (40 SE2d 428)." *Houston v. Jefferson Standard &c. Ins. Co.,* 119 Ga. App. 729, 731 (168 SE2d 843)

(1969). " 'There may be various writings, provided they refer one to another, but they can not be correlated and connected together by parol evidence.' [Cit.]" *Gordon v. Beck & Gregg Hardware Co.,* supra, at 572.

The first piece of documentary evidence is dated July 7, 1978, and is an interoffice memo from Chuck Grace, a CIT sales representative, to Paul McGraw, CIT's new business representative, stating: "Mr. Walker [Industrial's president] agreed to our proposal, and gave me information for write-up. Submit for approval to Atlanta." A letter dated July 11, 1978, from Paul McGraw to Walker expressed interest in financing Industrial's new equipment purchases and proposed two alternative methods of financing. One offered repayment terms of the $132,000 over a period of 60 months at a 12.5 percent interest rate and the second offered a floating interest rate at 4 percent above the prime rate with interest billed monthly on the average daily balance of the loan. The parties agree that these proposals were rejected by Industrial because it would accept only a 12 percent interest rate. The documentary evidence, however, shows that there was a request for credit approval on a loan to Industrial at a 12 percent rate ($132,000 and 60-month repayment). This loan was approved on July 24, 1978, by Bill Stanton, CIT's region manager, and the proposed collateral was listed as 3 gas storage units. The record also shows a memo dated July 25, 1978, apparently from Grace to Industrial which reads: "Per our conversation, we have approval on the above as submitted [there is nothing in the record to indicate to what "the above" refers], I am writing for you to supply a full description of the collateral before documenting this transaction. I understand that it will be at least 30 to 60 days before we will be able to close this deal." Plaintiff's exhibit No. 2 which is an undated, unsigned paper headed with Industrial's name and address and has entries under the heading "Type of Transaction," "Amount," "Term," "Rate," "Purpose," "Collateral," "Documentation," "History," "Financial," "References," cannot be considered by this court because it does not satisfy the requirements of Code § 20-401.

There is nothing in the record to indicate that Industrial ever supplied CIT with a description of the collateral as requested in the memo dated July 25, 1978. On November 29, 1978, Grace sent the following memo to Jack Maddox, head of the Atlanta Division of CIT: "Notified Mr. Walker that approval for deal on tanks had expired and we would not take deal at 12%. He said he had an approval letter and was going to expect us to honor 12% rate and that he had not be [sic] informed of 90 day expiration. He said he would check with legal counsel & for me to call him tomorrow morning."

Construing the evidence against the movant in summary

judgment and making all favorable inferences possible in favor of the party opposing the motion, *Meade v. Heimanson,* 239 Ga. 177 (236 SE2d 357) (1977), we find that the documentary evidence clearly reveals that the parties had agreed to the loan rate, amount, and repayment terms and that Industrial's credit had been approved. The July 25, 1978, memo states that Industrial was expected to furnish CIT with a full description of the collateral before the loan would be documented and ". . . that it will be at least 30 to 60 days before we will be able to close this deal." This memo shows only that the parties had agreed to contract if Industrial provided the necessary information about its collateral, and presumably, if the collateral proved acceptable to CIT. "Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect. [Cits.]" *Malone Construction Co. v. Westbrook,* 127 Ga. App. 709 (194 SE2d 619) (1972). As Industrial failed to furnish CIT with a full description of the collateral, the loan did not close.

Accordingly, we find that CIT's defense of the statute of frauds is meritorious and that the trial court did not err in granting summary judgment in its favor.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED FEBRUARY 4, 1981 —
REHEARING DENIED FEBRUARY 20, 1981.

*Wilson R. Smith, Mallory C. Atkinson, Jr.,* for appellant.
*Seaton D. Purdom, James B. Ritchie,* for appellee.