64353. GREGORY et al. v. TOWNSEND ROOFING COMPANY.

SOGNIER, Judge.

Townsend Roofing Co. (Townsend) sued Gregory to recover money owed on a contract for installation of a new roof on property located at Briarcliff Place in Atlanta. Gregory counterclaimed alleging Townsend's failure to perform a contract for installation of a roof on property located on 7th Street. The case was tried before the court without a jury. The trial court entered judgment in favor of Townsend on the Briarcliff Place roof in the amount of $3,000 plus interest at the rate of 1-1/2% per month from January 1, 1981. In addition, the trial court found that Gregory was entitled to a set-off against the amount due Townsend based on Gregory's counterclaim. Gregory was awarded the cost of repair in the amount of $777.78. Gregory appeals.

1. Appellant contends that the trial court erred in applying an improper measure of damages in its award to Gregory on his counterclaim. Appellant argues that his damages should have been the cost of replacing the roof on 7th Street rather than the cost of repairing the roof. We do not agree.

The trial court found as a matter of fact that the 7th Street contract provided for a one-year guarantee on the roof; that the roof was repairable when Townsend attempted to fix it; that Gregory chose not to have the repairs completed by Townsend; and that Gregory was entitled only to damages for the cost of repairs to the roof. There is some evidence to support the trial court's findings.

"The proper measure of damages for defective workmanship would be the cost to repair the defect." *Holder v. J. F. Kearley, Inc.,* 153 Ga. App. 843, 846 (267 SE2d 266) (1980); *Rose Mill Homes, Inc. v. Michel,* 155 Ga. App. 808 (273 SE2d 211) (1980). Evidence was submitted as to the cost to repair the roof on the 7th Street building and the amount already expended in said repair. The findings of a trial judge acting as a jury will not be disturbed if there is any evidence to support the verdict. *Azar v. Accurate Const. Co.,* 146 Ga.

App. 326 (246 SE2d 381) (1978).

2. Appellant also contends that the trial court erred in awarding 1-1/2% interest per month on the Briarcliff Place contract. The work was completed and payment was demanded on December 1, 1980. Suit was brought on the account and prayed for judgment of $3,000 plus interest at 1-1/2% from December 1, 1980. The trial judge was correct in awarding 1-1/2% as the legal rate of interest pursuant to Code Ann. §§ 57-111 and 20-1408 where appellee indicated prior to trial that it intended to seek this statutory rate of interest. *Prince v. Lee Roofing Co.,* 161 Ga. App. 181, 183 (288 SE2d 135) (1982).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1982.

*John L. Green,* for appellants.
*A. Mims Wilkerson, Jr., Michael D. Payne,* for appellee.