65188, 65189. JOHN BLEAKLEY FORD, INC. v. ESTES; and vice versa.

DEEN, Presiding Judge.

For a number of years John Bleakley Ford, Inc. located its dealership on premises owned by Estes. Since 1972 the parties have operated without a written lease. On November 9, 1978, Estes filed a dispossessory proceeding against appellant and on March 2, 1979, the

parties filed a consent judgment which permitted appellant to remain in possession of the premises through September 30, 1979, unless the parties entered into a new agreement. A counterclaim by appellant was dismissed with prejudice. In March 1979, appellee entered into a written five-year lease with a third party which was to begin October 1, 1979, but the lease was apparently contingent upon the third party's obtaining an automobile dealership. On August 9, 1979, Estes brought suit against appellant to enjoin removal of equipment and for damages. Appellant now contends that it met with Estes and entered into an oral agreement to enter into a written lease after October 1, 1979. (Bleakley claims that this agreement was made contingent upon the third party's not obtaining a dealership and Estes' assurances that it would be unable to do so), and that in reliance upon this agreement it was induced to forgo a valuable alternate location for its business. On September 26, 1979, Estes obtained a writ of possession which was set aside upon application of John Bleakley Ford on October 3, 1979. On October 9, 1979, appellant answered the complaint for an injunction and counterclaimed, seeking damages, injunctive relief and reinstatement of its earlier counterclaim. After a hearing on November 7, 1979, the court held that there were questions of fact for a jury and allowed appellant to remain in possession by paying its monthly rent into the registry of the court and posting a $15,000 bond conditioned upon proof of actual damages sustained by Estes. This appeal follows the grant of appellee's motion for summary judgment and the dismissal of the counterclaim.

1. In Case Number 65188, Bleakley Ford contends that Estes is estopped by his conduct to repudiate the oral agreement between the parties and therefore the court erred in granting summary judgment.

The record and briefs indicate that Estes does not deny meeting with appellant and that there were discussions between the two parties about entering into a new lease agreement. However, there was no agreement upon either the monthly rental or the term for the lease. Appellant does not contend that the agreement was finalized, only that the parties agreed to agree. " 'Unless an agreement is reached as to all terms and conditions and nothing is left to future negotiations, a contract to enter into a contract in the future is of no effect [Cits.]' *Malone Construction Co. v. Westbrook,* 127 Ga. App. 709 (194 SE2d 619) (1972)." *Industrial Welding &c. Supplies v. CIT Corp.,* 157 Ga. App. 611, 613 (278 SE2d 50) (1981). As an agreement to agree at a future date is not binding, appellant was not justified in relying upon Estes' assurances that he would obtain a lease.

As to the dismissal of the counterclaim, Count I, which seeks to prevent the appellee from removing appellant from the premises is

moot because prior to the hearing on the motion the parties stipulated that appellant had voluntarily left the premises. Count III could not be brought before the court because it prayed for reinstatement of the prior counterclaim, which was dismissed with prejudice. Count II sought damages in tort alleging that appellee had intentionally acted to defraud appellant when Estes stated that he was not requiring appellant to vacate the leased premises as he would give it a new lease. As held above, such a statement is unenforceable and appellant has not shown any evidence of such fraudulent intent at the time the agreement was made. " 'Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows that the future event will not take place [cits.], fraud cannot be predicated on a promise which is unenforceable at the time it is made.' " *Clare Dev. Corp. v. First Nat. Bank,* 243 Ga. 709 (256 SE2d 452) (1979).

2. In Case Number 65189, Estes contends that the trial court erred in denying his motion to add John Bleakley, individually, as a party to the lawsuit. As the trial court correctly granted summary judgment in favor of Estes, this issue is moot and the appeal is dismissed.

*Judgment affirmed in case no. 65188 and appeal dismissed in case no. 65189. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 24, 1982.

*James R. Dollar, Jr., Donald B. Howe, Jr., Timothy A. McCreary,* for appellant.
*Martha Mullins, G. Michael Hartley,* for appellee.