### 69411. DOYLE v. ESTES HEATING & AIR CONDITIONING, INC.
(326 SE2d 846)

McMURRAY, Presiding Judge.

Plaintiff, Estes Heating and Air Conditioning, Inc., brought suit against defendant, Eugene Doyle, in the State Court of Fulton County. In its complaint, as amended, plaintiff alleged that it contracted with defendant to install a furnace and an air conditioning unit in a condominium owned by defendant; that it completed the job

in a workmanlike manner according to the specifications of the contract; that "all conditions precedent had been performed or have occurred or have been excused"; that defendant failed or refused to make payments pursuant to the contract; and that defendant owed plaintiff the sum of $2,600 pursuant to the contract. Defendant answered the complaint, denying generally the material allegations thereof, and asserting total and partial failure of consideration defenses.

The contract between the parties took the form of an invoice. It called upon the customer to "Pay Serviceman: $2600.00." With regard to the "Work Performed," the contract simply stated: "Replace condenser and matching line set & coil and furnace." Finally, concerning the "terms" of payment, the contract provided: "Net on job completion."

In order to install the equipment in the condominium, it was necessary for plaintiff to cut a hole in the bathroom wall. Following the installation, the hole in the bathroom wall remained. Plaintiff took the position that it was defendant's responsibility to repair the bathroom wall. It was defendant's contention, on the other hand, that the wall was to be repaired by plaintiff.

Upon the trial of the case, plaintiff's employee testified the contract did not require plaintiff to repair the bathroom wall. He averred that when he told defendant it would be necessary to cut the hole, "[defendant] said this would be no problem, that I could cut a hole in his wall into the bathroom, and I did. And he said he would take care of it." Defendant denied that he ever suggested he would fix the hole. On the contrary, he testified: "I assumed if they took the wall down they would fix it. When they said they would have to put the hole in the wall, I assumed they would fix it." Finally, defendant averred that when plaintiff finished the installation, he was told that plaintiff would be back later to fix the hole.

It was undisputed that defendant made no payments to plaintiff whatsoever. Defendant offered no evidence concerning the cost of repairing the bathroom wall. He maintained, however, that he was not liable to plaintiff in any amount until the wall was repaired and the job was completed.

Upon the close of the evidence, plaintiff moved for a directed verdict. The motion was granted and a verdict was returned for plaintiff in the amount of $2,600. Judgment was entered upon the verdict and defendant appealed. *Held*:

1. "Where a complainant alleges generally that all conditions precedent have been performed or have occurred and the defendant denies that allegation only generally and the complainant fails to insist upon the right to a specific and particular denial of complainant's general allegation, the general allegation stands denied by the general

denial and the requirement of proof of performance of conditions precedent remains in effect just as it would if there had been no allegation in the complaint as to conditions precedent." *McDonough Constr. v. McLendon Elec. Co.*, 242 Ga. 510, 513 (250 SE2d 424). Thus, defendant's general denial of plaintiff's allegation that all conditions precedent had been performed was sufficient to require plaintiff to prove the completion of the job.

2. Plaintiff contends that since the written contract only provided for the *installation* of the equipment, defendant cannot maintain that it was incumbent upon plaintiff to repair the bathroom wall in order to complete the job. We disagree.

"The general rule is that parol evidence is inadmissible to add to, take from, vary or contradict the terms of a written instrument. Code §§ 38-501, 20-704 (1) [OCGA §§ 24-6-1, 13-2-2 (1)]. However, 'if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract only is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible.' Code § 20-704 (1) [OCGA § 13-2-2 (1)]. If the writing appears on its face to be an incomplete contract and if the parol evidence offered is consistent with and not contradictory of the terms of the written instrument, then the parol evidence is admissible to complete the agreement between the parties. [*Forsyth Mfg. Co. v. Castlen*], 112 Ga. 199 (6) (37 SE 485, 81 ASR 28). A party is entitled to prove 'the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them.' [Cits.]" *Preferred Risk Mut. Ins. Co. v. Jones*, 233 Ga. 423, 424 (1) (211 SE2d 720).

Here, the contract is silent as to the parties' responsibilities following the installation of the equipment. We do not think the parties intended the contract to be a complete statement of the work to be performed. Surely, following the installation of the equipment, further work remained: debris was to be cleared; the premises were to be cleaned; the equipment was to be tested and started up; and the hole in the bathroom wall was to be repaired. Thus, parol evidence was admissible to assign the responsibility for these tasks and thereby to complete the agreement. *Forsyth Mfg. Co. v. Castlen*, 112 Ga. 199 (6), supra. See also *Tidwell v. Carroll Builders*, 251 Ga. 415, 417 (1) (306 SE2d 279).

3. A motion for directed verdict is to be granted only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions, demands a particular verdict. OCGA § 9-11-50 (a); *Mercer v. Woodard*, 166 Ga. App. 119, 127

(13) (303 SE2d 475). Because the evidence was conflicting concerning the mutual intention of the parties, a material issue of fact remained for resolution by the jury. See *Chambliss v. Hall,* 113 Ga. App. 96, 103 (147 SE2d 334). It follows that the trial court erred in granting plaintiff's motion for directed verdict.

4. Plaintiff's motion for damages for frivolous appeal is denied. *Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 15, 1985.

*Glenville Haldi,* for appellant.
*Martin R. Salzman, Sharon A. Gay,* for appellee.