71857. THOMAS et al. v. CLARK.
(344 SE2d 754)

POPE, Judge.
Thomas purchased in excess of 70 dairy cattle from Clark and on September 25, 1980, the parties executed a lease of property owned

by Clark, including a dwelling house, dairy barn, equipment, buildings, truck, tractor and farm implements, on which the dairy cattle were to be kept. In the spring of 1985 Clark requested Thomas to vacate the premises as the property was to be sold. Upon Thomas' refusal, dispossessory proceedings were instituted by Clark seeking possession and rent and other damages. This appeal from the grant of Clark's motion for summary judgment involves only the issue of the validity of the lease agreement.

The lease document contained the following uncompleted provision: "1. Lessor does hereby rent and lease to the Lessee the following described property . . . for a term commencing on the ___ day of ___, 19___, and ending on the ___ day of ___, 19___, at midnight." Clark contends that he and Thomas entered into an oral agreement for a two-year lease of the property, and that after the expiration of the lease Thomas remained in possession as a tenant at will subject to termination upon notice to vacate after 60 days pursuant to OCGA §§ 44-7-6 and 44-7-7. Thomas asserts that he had to borrow the purchase money from the FHA to pay Clark for the dairy cattle and executed a promissory note for that purpose; that the parties orally agreed the term of the lease would run for the same term as the promissory note (approximately six years and nine months); that when the lease was executed the maturity date of the note was not known so the spaces for commencement and termination of the lease were left blank until the exact dates of the loan were determined and could be inserted in the written document; but that these dates were never inserted in the lease. Thus, each party acknowledges that the written lease was incomplete, but differs on the length of the term to which they orally agreed, which, Thomas contends, presents a jury question as to the contemplation of the parties at the time the lease was executed.

The trial court concluded that since no assent of the parties was reached, no valid lease existed because of the lack of an essential element of the contract, and a tenancy at will resulted under OCGA § 44-7-6. We do not concur with that analysis. This was not an agreement to agree in the future, which imposes no obligations on the parties thereto, such as *Sierra Assoc. v. Continental Ill. Nat. Bank &c. Co.*, 169 Ga. App. 784 (1) (315 SE2d 250) (1984); and *John Bleakley Ford v. Estes*, 164 Ga. App. 547 (1) (298 SE2d 270) (1982). Here the written contract is silent as to the length of the term of the lease, but the blank spaces inserted therein clearly indicate that the parties did not intend to specify the dates at the time of execution, which presents a different situation.

" 'The general rule is that parol evidence is inadmissible to add to, take from, vary or contradict the terms of a written instrument . . . . (OCGA §§ 24-6-1; 13-2-2 (1)). However, "if there is an ambiguity, latent or patent, it may be explained; so if a part of a contract

only is reduced to writing (such as a note given in pursuance of a contract), and it is manifest that the writing was not intended to speak the whole contract, then parol evidence is admissible." . . . (OCGA § 13-2-2 (1)). If the writing appears on its face to be an incomplete contract and if the parol evidence offered is consistent with and not contradictory of the terms of the written instrument, then the parol evidence is admissible to complete the agreement between the parties. [Cit.] A party is entitled to prove "the existence of any separate oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transactions between them." (Cits.)' *Preferred Risk Mut. Ins. Co. v. Jones*, 233 Ga. 423, 424 (1) (211 SE2d 720) (1975)." *Doyle v. Estes Heating &c.*, 173 Ga. App. 491, 493 (326 SE2d 846) (1985).

Since the parties intended to insert the dates at a later time and the lease shows on its face that it was incomplete, parol evidence was admissible to establish the term of the lease and complete the agreement. However, "[b]ecause the evidence was conflicting concerning the mutual intention of the parties, a material issue of fact remained for resolution by the [trier of fact]. See *Chambliss v. Hall*, 113 Ga. App. 96, 103 (147 SE2d 334) (1966). It follows that the trial court erred in granting [Clark's] motion for [summary judgment.]" *Doyle*, supra at 494 (3).

*Judgment reversed. McMurray, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED APRIL 23, 1986.

*James E. Palmour III*, for appellants.
*Jack M. Carey*, for appellee.