## 77732. DOUGHTY v. SIMPSON.
(380 SE2d 57)

BIRDSONG, Judge.

Leroy Doughty, d/b/a Doughty Remodelers and Builders, brings this appeal from judgment for appellee, Ronald Simpson, entered in a trial before the judge acting without intervention of a jury.

Simpson, an electrical contractor, entered into a contract with Doughty, who identified himself as "a home improvement carpenter" for the construction of a one-room addition to Simpson's home. The rear sundeck was to be removed and a room constructed in that location to house a jacuzzi. Doughty drew up the contract which covered the majority of one, letter-sized page and generally recited construction of a room in accordance with an attached drawing for the price of $12,500—$7,000 at the signing of the contract, $3,500 when the room was "dried in," and the balance of $2,000 when the "room is completed and final inspection is made. . . ."

The contract was signed by both parties but contained no details as to construction, little guidance as to material to be incorporated, and no mention of installation of a slate floor and tiles surrounding the jacuzzi, heating and air-conditioning, entry or exits, doors, stairways or steps.

The owner made the initial payment of $7,000. Doughty secured a builder's permit and construction commenced. The room was "dried in" and inspected by a City of Atlanta building inspector. The second payment of $3,500 was made and Doughty contends he completed construction. A final inspection was made by the city building inspector but final approval was not given.

The evidence is in conflict but the trial judge was authorized to find Simpson voiced his complaints to Doughty and the building inspector. The slate floor had been installed with the wrong side facing

up. The grout between the tiles came out and the tile started coming up. The room was not properly aligned with the house and the boards were bent into place rather than a "hip" being constructed. The rear concrete steps were poured but not completed. A licensed heating and air-conditioning contractor was not used as required by the Building Code of the City of Atlanta and final approval was withheld. Dirt was piled up beside the house and washed onto the tennis court. The contractor parked his truck on the lawn and damaged the sod. When Doughty knocked a hole in the basement wall, the interior of the house was damaged, i.e., a marble top bar, the acoustical ceiling, etc.

Simpson discussed these problems with Doughty and said that the appellant told him: "Mr. Simpson I'm not going to do a durn thing else to your room." Simpson refused to make the final $2,000 payment and Doughty filed this action. Simpson filed a counterclaim for damages to correct the alleged defective work, for loss of use of his property for which he is unable to obtain a certificate of occupancy, for injury to the landscape and tennis court, for loss of income and beneficial use of money he paid to appellant which was not earned.

The trial court found that appellant has failed to obtain final inspection approval and to obtain a licensed heating and air conditioning contractor to get final approval of the room addition. The court also found that the appellee was denied use of the room addition, loss of interest charges on the loan made to finance construction of the room, loss of $3,300 in income due to his time spent away from his business due to appellant's breach of the contract, and that both city inspectors were of the opinion that the work done was not in compliance with City codes and was not of good quality.

The trial court held that the appellant failed to carry his burden of proof to entitlement of the remaining $2,000 contract balance or $1,425 claimed as quantum meruit for additional work alleged to be outside the contract.

The court found further that appellant breached the contract and his performance "was tardy, faulty and incomplete." Judgment was granted to appellee on his counterclaim in the amounts of: $5,841 to correct the deficiencies and complete work not done by appellant; $3,000 for loss of use of his property and $600 in attorney fees. Doughty has filed this appeal. *Held*:

1. The finding of the trial court denying recovery to appellant for the remainder due under the contract and for additional work done outside of the contract is supported by the evidence of record. The remaining $2,000 under the contract was due following final approval by the City. Final approval has been denied because of appellant's failure to use a licensed contractor to install the heating and air conditioning work, which is required by the City's building code. This deficiency has never been corrected. The trial court heard the con-

flicting evidence as to whether certain work done was included within the contract or was in addition to the contract. This issue was resolved in favor of appellee and the trial court's finding is not clearly erroneous. OCGA § 9-11-52 (a); *Bell v. Cronic*, 248 Ga. 457, 459 (2) (283 SE2d 476).

2. Error is alleged in the grant of judgment to appellee in the amount of $5,841.80 for repair on the work done or not completed. A duty is implied in every construction contract " ' "to perform it skilfully, carefully, diligently, and in a workmanlike manner," ' " and whether the contractor exercised the required degree of skill is for the trier of fact. *Blue v. R. L. Glosson Contracting*, 173 Ga. App. 622, 623 (327 SE2d 582). The trial court found that Simpson had been a licensed electrical contractor in commercial and residential construction in excess of 20 years and presented an estimate from a licensed general contractor showing the cost of repair as $5,841.80. Simpson's opinion testimony was admitted that the price quoted was reasonable for the work specified. Where the question to be decided by the finder of fact is "one of opinion, any witness may swear to his opinion . . . giving his reasons therefor." OCGA § 24-9-65. Hence, it was not error to allow Simpson to testify to the amount necessary to correct the deficiencies in appellant's work and to complete the work in accordance with the contract as his opinion was based on his observation and personal knowledge and he gave the reasons for his opinion. *Benn v. McBride*, 140 Ga. App. 698, 700 (231 SE2d 438); *Arkansas Fuel Oil Co. v. Andrews Point Co.*, 64 Ga. App. 595 (1) (13 SE2d 738); Green, Ga. Law of Evid. 181, § 110. Determination of whether the witness has established sufficient opportunity for forming a correct opinion, and a proper basis for expressing his opinion, is for the trial court. *Department of Transp. v. McLaughlin*, 163 Ga. App. 1, 5 (3) (292 SE2d 435).

Appellant argues that the estimate of the general contractor is hearsay and it was error to admit it in evidence. "Evidence of value is not to be excluded merely because the valuation fixed by the witness as a matter of opinion depends on hearsay, hence the testimony of the witness is not objectionable for the reason stated." *Powers v. Powers*, 213 Ga. 461 (2) (99 SE2d 818); accord *State Hwy. Dept. v. Edmunds*, 113 Ga. App. 550, 553 (149 SE2d 182). The proper measure of damages for defective workmanship is the cost of repair of the defects. *Simmons v. Boros*, 255 Ga. 524, 525 (341 SE2d 2); *Gregory v. Townsend Roofing Co.*, 163 Ga. App. 836 (1) (296 SE2d 154). This enumeration is without merit.

3. Appellant contends the trial court erred in awarding appellee $3,000 in damages as compensation for "loss of use." Appellee's counterclaim was based on appellant's alleged defective work and delay in completion of the contract work. Appellee testified that the contract

was signed in April 1987, and work was to be completed in "approximately a month or a month and a half," according to Doughty. At the time of this trial, July 11, 1988, the room was not complete and Simpson was unable to get a certificate of occupancy from the City of Atlanta.

The trial court held that appellant's work was "tardy, faulty and incomplete." The measure of damages to correct the "faulty" work was the amount necessary to correct the defective workmanship. *Simmons*, supra. For "delay" in the performance of a contract, unless excused or waived, damages caused most often take the form of loss of use of the property involved. See generally 22 AmJur2d 87-88, Damages, §§ 69; 70. Georgia courts have approved the award of damages for loss of use. See *F. H. Ross & Co. v. White*, 224 Ga. 324 (1) (161 SE2d 857), loss of use of a truck; *White Repair &c. Co. v. Krasnoff*, 138 Ga. App. 613 (2) (227 SE2d 82), loss of rental receipts; *Lurlee, Inc. v. Pernoshal-39 Co.*, 135 Ga. App. 724 (218 SE2d 701), loss of rental due to faulty and incomplete construction; *Globe Motors v. Noonan*, 106 Ga. App. 486 (7) (127 SE2d 320), loss of use of a truck.

The Restatement of Contracts clearly sanctions damages for *any* loss "including incidental or consequential loss, caused by the breach" where the amount caused by delay of use of the property is provable with reasonable certainty. Restatement, Contracts 2d, § 347 (b). If the amount of a loss in value of the property cannot be proved with reasonable certainty, the injured party may recover damages based on rental value or interest on the value of the property. Restatement, Contracts 2d, § 348.

Accordingly, we find damages were recoverable for loss of use of the contract property due to breach by appellant occasioned by the lengthy delay in excess of the agreed upon period. In this connection, we are in agreement with the trial court that because of "a poorly written contract" drafted by appellant, we do not view the contemporaneous oral agreement of the parties as parol evidence contradicting or varying the terms of a contract (OCGA § 24-6-1) but is explanatory of the incomplete contract terms. *Thomas v. Clark*, 178 Ga. App. 823, 825 (344 SE2d 754).

Appellee testified to the interest charges on the loan ($20,000) obtained to pay for the room addition—approximately $386.18 per month (for 14 months) at the time of trial—July 1988. Under the Restatement, if value cannot be proven with reasonable certainty, interest on the value of the property may be used to establish damages. Restatement, Contracts 2d, § 348. The reasonable value of the room addition was established as approximately $20,000. In addition, appellee lost the use of his tennis court and a portion of his basement for a limited period of time when appellant knocked a hole in the basement wall. It is doubtful that an exact value can be placed on the

loss of use of such amenities. It is also doubtful that a person would agree to be deprived of the loss of use of his tennis court, bar, recreation room and spa for an extended period of time for the sum awarded—$3,000.

However, proof of amount of damages should not be made upon guesswork, conjecture, or speculation, but should be established with reasonable certainty. *Gray v. Nelson Irrigation,* 132 Ga. App. 503, 504 (3) (208 SE2d 346); *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470 (1) (193 SE2d 860). Hence, the only amount of damages established with a reasonable degree of certainty is the amount of interest charges on the value of the room addition. Appellee borrowed $40,000 and used only one-half of the loan for the addition of the room. Thus, only one-half of the finance charges ($386.18 x 14 months = $5,306.52 divided by 2 = $2,653.26) is attributable to interest charges on the value of the contract property—$2,653.26. The remainder of the damages awarded for loss of use must be written off.

4. The trial court awarded appellee $600 as attorney fees on the basis that the attorney advised it had spent approximately six hours on this case and would bill the appellee for that amount. The attorney stated he was charging Simpson at the rate of $100 per hour for a total of $600.

Expenses of litigation generally are not recoverable, unless specially pleaded, as in the instant case, and the other litigant has acted in bad faith in making the contract, has been stubbornly litigious, or has caused the prevailing party unnecessary trouble and expense. OCGA § 13-6-11; *Spivey v. Rogers,* 173 Ga. App. 233, 240 (5) (326 SE2d 227). The factfinders may allow attorney fees if they find any *one* of the three criteria present. *Franchise Enterprises v. Ridgeway,* 157 Ga. App. 458, 460 (278 SE2d 33). Because the award is supported by some evidence of stubborn litigiousness and causing appellee unnecessary trouble and expense, we will not disturb the trial court's findings. *Harrison v. Ivie,* 143 Ga. App. 856, 857 (240 SE2d 224).

*Judgment affirmed on condition that damages awarded for loss of use in excess of $2,653.26 be written off; otherwise judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 16, 1989 —
REHEARING DENIED MARCH 13, 1989 —

*Jones, Morrison & Womack, Lewis N. Jones,* for appellant.
*Benjamin W. Spaulding, Jr.,* for appellee.