A89A1482. ARMECH SERVICE COMPANY v. ROSE ELECTRIC COMPANY.
(386 SE2d 709)

BIRDSONG, Judge.

Appellant appeals from the judgment entered granting judgment on appellee/plaintiff's complaint and against defendant on appellant/defendant's counterclaim.

Appellee Rose Electric Company (Rose), an electrical subcontractor, filed a two-count suit against appellant Armech Service Company owned by John Strode. Appellant counterclaimed asserting various items of damages, but in its brief asserts that the essence of its counterclaim was to seek damages against Rose "in the amount of $125,995.00, alleging defects in work, materials and workmanship."

Appellant contracted with appellee to perform certain electrical services as a subcontractor on two job sites known as Peachtree Hills Apartments and Dunwoody Creek Circle. Rose performed work on the Peachtree Hills project and was paid in full by appellant. Thereafter, Rose submitted a bill for certain work outside the scope of the Peachtree Hills contract. Appellant refused to pay for this extra work. Regarding the Dunwoody Creek project, the parties gave conflicting accounts as to the scope of the electrical contract. Rose asserted that it submitted a $5,000 draw request after completion of the "rough" stage (phase I) of the project, which appellant declined to pay. Thereafter, Rose did not perform any more electrical work for appellant. The first count of Rose's suit was for $5,000 unpaid on the repair contract at Dunwoody Creek, and the second count was for $3,215.50 on an open account for work and material expended at Peachtree Hills in completing the asserted extra work. In support of its counterclaim, appellants presented evidence of certain deficiencies and defects in the electrical work by Rose at both project sites. Strode also testified, without objection, in certain instances as to some of the labor and material costs required to correct the deficiencies found in Rose's work. *Held*:

1. Appellant asserts the trial court erred in not permitting a witness for appellant to testify as to his opinion of values.

In one section of its brief, appellant contends that Strode "was qualified as an expert witness, and was permitted to testify as to values pursuant to OCGA § 24-9-66. . . . His opinion also would be that of an expert, pursuant to OCGA § 24-9-67, and would be admissible as an expert." The only argument advanced in appellant's brief in direct support of this specific enumeration of error is that "[t]he court refused on at least one occasion to permit . . . Strode to testify as to his opinion of values . . . which is contra to his ability to testify pursuant to OCGA § 24-9-67." See generally OCGA §§ 24-9-66; 24-9-67; *Doughty v. Simpson*, 190 Ga. App. 718 (2) (380 SE2d 57); see *Four Oaks Properties v. Carusi*, 156 Ga. App. 422 (3) (274 SE2d 783); *Orkin &c. Co. v. Thrift*, 154 Ga. App. 545 (1) (269 SE2d 53).

Strode (who had majored in electrical engineering, attended certain naval schools of construction, had previously held an electrician's license, and who by virtue of long-time occupation was familiar with proper electrical wiring) was properly qualified as an electrical expert. *Doughty*, supra at 720. Nevertheless, we find this enumeration of error to be without merit.

The pages of the transcript cited by appellant fail to reveal a single instance where the trial court erroneously refused to permit Strode to testify specifically "as to his opinion of values." In one instance, however, this question was asked: "And in your making your last payment of $10,000, did you have an opinion as to what you were paying for?" A timely objection was made to this question on grounds of lack of relevancy. The trial court noted that Strode had already answered this question and directed counsel to ask another question. Counsel complied with this instruction. Irrelevant matter should be excluded. OCGA § 24-2-1. " ' "[T]he issue as to the relevancy and materiality of evidence is for the trial court." ' [Cit.] Thus, ' "(a)dmissibility of evidence is a matter which rests largely within the sound discretion of the trial court." ' " *Gully v. Glover*, 190 Ga. App. 238 (4) (378 SE2d 411). We find no abuse of discretion established in this instance.

Although the trial court may on other occasions have curtailed Strode's testimony as to value and repair costs, such curtailment does not appear at the points in the record cited by appellant. It is not the function of this court to cull the record on behalf of a party in search of instances of error. " 'The burden is upon the party alleging error to show it affirmatively by the record.' " *Pennsylvania Millers &c. Ins. Co. v. Davis*, 186 Ga. App. 301 (1) (367 SE2d 91).

2. Appellant asserts that the trial court erred in directing a verdict in favor of appellee as to appellant's counterclaim.

We note that both parties concede in their briefs that appellant's

counterclaim essentially was grounded on allegations of defects in work, materials, and workmanship. "The measure of damages to correct the 'faulty' work was the amount necessary to correct the defective workmanship." *Doughty*, supra at 721. That is, the proper measure of damages for defective workmanship generally would be the cost of repair of the defect. *Adamson Co. v. Owens-Illinois Dev. Corp.*, 168 Ga. App. 654, 657 (309 SE2d 913); *Gregory v. Townsend Roofing Co.*, 163 Ga. App. 836 (1) (296 SE2d 154); see *Ayers Enterprises v. Adams*, 131 Ga. App. 12, 17 (3) (205 SE2d 16); compare *Rose Mill Homes v. Michel*, 155 Ga. App. 808 (1) (273 SE2d 211). We are satisfied that the record contains at least some evidence of the cost of repairs to appellant.

A motion for directed verdict cannot be granted if there is " 'any evidence' creating a material issue of fact." *Professional Ins. &c. v. Sizemore Elec. Co.,* 188 Ga. App. 463 (1) (373 SE2d 276). See *Department of Human Resources v. Montgomery*, 248 Ga. 465, 466 (284 SE2d 263). However, "[w]here there is no conflict in the evidence as to any material issue, and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Hall v. Rome Auto. Co.,* 181 Ga. App. 621, 622 (1) (353 SE2d 542). Thus, "[t]he direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, *with all reasonable deductions therefrom*, shall demand a particular verdict." (Emphasis supplied.) *Piedmont Engineering &c. Corp. v. Amps Elec. Co.,* 162 Ga. App. 564 (5) (292 SE2d 411). As the record contains some evidence, albeit slight, in support of appellant's counterclaim, and as the evidence with all reasonable deductions therefrom does not demand a particular verdict pertaining thereto, we find that the trial court erred in granting a directed verdict in behalf of appellees.

Appellees, however, argue that any error would be harmless, as the trial court did not prevent the jury from off-setting any of the counterclaim amounts from the amounts which appellees had sued for, and because the jury in fact did offset about $2,800 on the second count. This argument is not persuasive. First, we note that the trial court did not expressly instruct the jury regarding set-off, and thus did not provide any legal guidelines to follow in effecting such a procedure. Moreover, after directing the jury to enter the directed verdict for appellee/plaintiff against appellant/defendant on the defendant's counterclaim, the trial court instructed the jury that "[t]he defendant . . . had filed a counterclaim . . . we've dealt with that issue and the counterclaim is not before you at this time." Secondly, we will not speculate as to the basis for the jury's award as to the second count. We have consistently held that an appellate court will not engage in unwarranted speculation regarding the conduct of the jury in

arriving at its verdict. *Whelchel v. Thomas Ford Tractor*, 190 Ga. App. 156 (1) (378 SE2d 510); *Thomas v. Clark*, 188 Ga. App. 606, 608 (373 SE2d 668). In view of the state of the evidence and the instructions to the jury, we cannot conclude that such error was harmless within the meaning of OCGA § 9-11-61.

*Judgment reversed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 18, 1989.

*Gerald W. Fudge*, for appellant.
*Kirby G. Bailey*, for appellee.