A91A2011. DOVER REALTY, INC. et al. v. BUTTS COUNTY BOARD OF TAX ASSESSORS.

(415 SE2d 666)

BIRDSONG, Presiding Judge.

This appeal arises from a de novo appeal to the superior court from an ad valorem tax assessment for the year 1990. Motion by appellee to dismiss appeal was granted; appellant's motion to enforce settlement was denied. *Held*:

1. Factual assertions in appellate briefs and in briefs in the trial record and not otherwise supported by evidence of record cannot be considered on appellate review. *Behar v. Aero Med Intl.*, 185 Ga. App. 845 (1) (366 SE2d 223).

2. Appellants assert the trial court erred in denying their motion to enforce settlement. We disagree. The trial court, in support of its order, concluded "that the parties to this litigation did not enter into a settlement agreement resolving the issues raised in the instant tax appeal." Appellants argue that a certain letter contained in the trial record, signed by attorney Bartles and dated September 14, 1989, evidences the settlement agreement. The scope of this letter, corroborated in part by other evidence of record, reveals on its face that both the conversation, as therein memorialized, and the said "rectified" matter, referred to the "1989 Tax Assessment" rather than the tax assessment in 1990. We recognize that a legally effective compromise of a dispute is binding on the parties, that the law favors com-

promises, and that a promise made in extinguishment of a doubtful claim is sufficient to support a valid contract. *Warren v. Jenkins,* 190 Ga. App. 442, 443 (1) (379 SE2d 19). Nevertheless, it is in those instances " ' "[w]here parties to litigation have entered into a definite, certain, and unambiguous settlement agreement, which is not denied, the trial court should make the agreement the judgment of the court, thereby terminating the litigation." ' " Id.; compare *Kapiloff v. Askin Stores,* 202 Ga. 292, 296 (42 SE2d 724). The record in this case does not establish the existence of a definite, certain, and unambiguous settlement agreement as to the matters at issue in this case. Appellants have the duty of showing error affirmatively by the record and this duty is not discharged merely by unsupported recitations in their brief. *Armech Svc. Co. v. Rose Elec. Co.,* 192 Ga. App. 829, 830 (386 SE2d 709); *Jenkins v. Bd. of Zoning &c.,* 122 Ga. App. 412 (2) (177 SE2d 204).

3. Appellants claim the trial court erred in granting appellee's motion to dismiss on the grounds appellants were not the real parties in interest, and therefore erred in concluding it lacked jurisdiction to consider the de novo appeal.

OCGA § 9-11-17 (a) provides in pertinent part that "[e]very action shall be prosecuted in the name of the real party in interest. . . . No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. . . ."

Appellant companies made admissions in judicio in their briefs before the trial court and this court (*Brownlow v. City of Calhoun,* 198 Ga. App. 710, 711 (402 SE2d 788); *Time Ins. Co. v. Lamar,* 195 Ga. App. 452 (2) (393 SE2d 734)) that subject real estate was owned by them on January 1, 1990, was conveyed thereafter to 3 Star Ltd., that the instant tax appeal involves 3 Star Ltd., *and that 3 Star Ltd. technically is another corporation.*

As appellants do not affirmatively argue or provide any citation of authority in their appellate brief in support of a contention that merely because they owned the property on January 1, 1990, they are the "taxpayer," within the meaning of OCGA § 48-5-311, legally entitled to file an appeal regarding the 1990 ad valorem taxes here at issue and are thus the real parties in interest, this specific issue is abandoned. Court of Appeals Rule 15 (c) (2).

Appellants assert inter alia that this instant tax appeal in fact involves 3 Star Ltd., and that a misnomer occurred either on the trial court calendar, or when the county attorney filed an entry of appearance and filed his first interrogatories. Although a mere misnomer of a party in the pleadings is a defect which may be waived where the

misnamed party is in fact the legally cognizable proper party in interest (*Strauss Fuchs Org. v. LaFitte Invest.*, 177 Ga. App. 891, 894 (2) (341 SE2d 873)), the record in this case does not affirmatively establish that mere misnomer occurred. The trial judge found that the tax appeal was not timely filed by the true owner of the subject property. The record reflects that purported appeal of various tax assessments was filed on May 8, 1990, on Dover Realty Company letterhead stationery and signed by "Ben H. Dover, Jr. also agent for the following appeals." And the purported notice of appeal to the superior court of the property assessment on this particular parcel of property, dated September 4, 1990, reflects the appeal was initiated by the *presidents*, acting in their corporate rather than their personal capacities, of each of the three appellant entities. Moreover, the affidavit of Ben H. Dover, Jr., reveals that neither he, Jim Robertson, nor Donald Teel is the *sole* shareholder of their respective appellant companies, but they are only *majority* shareholders thereof. Compare *Strauss*, supra, where the president was the sole stockholder of the corporation. Assuming the three men were in fact the sole owners of 3 Star Ltd., it still is established by the record and the admissions in judicio of appellants that 3 Star is a separate legal entity from that of the three appellant companies. Under the facts herein presented, the appellant companies cannot be said to be the real parties in interest within the meaning of OCGA § 9-11-17 (a).

Appellants, however, contend that OCGA § 9-11-17 (a) provides a reasonable time, "after objection," to substitute parties or to take the other corrective action therein authorized to avoid dismissal of this suit. We find that the motion to dismiss because appellants are not the real parties in interest, filed by appellee on April 4, 1991, constituted an "objection" within the meaning of OCGA § 9-11-17 (a). The order dismissing the suit was not signed until June 27, 1991. Notwithstanding the lapse of a reasonable time between the motion to dismiss and the order granting the motion, the record does not reflect that appellants timely initiated any corrective action, as authorized by OCGA § 9-11-17 (a), to preclude the dismissal of the suit. Rather, it was appellant companies' position, as reflected in their motion in opposition to appellee's motion to dismiss, that they were in fact the real parties in interest and have been since the inception of the case. Accordingly, we find a reasonable time did elapse, after objection, and before the motion to dismiss was granted. Although appellants also argue the court should have allowed them to ratify their existence or to allow a substitution of the parties, the record does not reflect that such relief was requested by appellants before the motion to dismiss was granted. Appellants have failed to demonstrate error affirmatively by the record. *Armech*, supra at 830 (1).

Additionally, assuming misnomer occurred in the docketing and

prosecution of this appeal, the procedures used in initiating this case and in appealing it to the superior court aided such misnomer. Appellants cannot complain of a judgment, order, or ruling their own procedure or conduct aided in causing. *West v. Nodvin*, 196 Ga. App. 825, 829 (3 e) (397 SE2d 567).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JANUARY 30, 1992 —
RECONSIDERATION DENIED FEBRUARY 12, 1992.

*William A. Fears*, for appellants.
*George, Trammell & Bartles, William P. Bartles*, for appellee.