A93A1263. MITCHELL v. LUCAS.
(437 SE2d 792)

BIRDSONG, Presiding Judge.

Marshall L. Mitchell d/b/a Marshall Mitchell & Associates, pro se, appeals from the trial court's judgment enforcing the settlement of his claims against Leonard Lucas for slander and tortious interference with contract. Although the settlement was announced during a recess in the trial and the jury was discharged by the trial court, Mitchell later refused to sign the agreement because Lucas' attorney had received a levy on the settlement proceeds from the Internal Revenue Service and because the agreement provided that the terms of the settlement did not provide for complete confidentiality of the agreement. After Lucas moved to enforce the agreement and Mitchell moved to hold the agreement void, the trial court issued orders granting Lucas' motion and denying Mitchell's. Mitchell now appeals from that judgment. *Held:*

Although expressed in several enumerations, Mitchell's primary contention is that the trial court erred by finding the parties had reached a conclusive, certain, and complete agreement to settle the case. Instead, Mitchell contends the agreement was not final as to all of the provisions and because Lucas' counsel had to prepare the written settlement agreement.

The record shows, however, that during the presentation of Mitchell's case, the parties advised the trial court that settlement was a possibility. After the parties retired for further discussion, they advised the court that they had reached a settlement which provided Mitchell would receive a sum certain in return for dismissal of his claims against Lucas. Lucas' attorney was directed by the court to

prepare the settlement document. Thereafter, the trial court dismissed the jury because the case was settled.

The record does not show that Mitchell objected to the dismissal of the jury or that he contended then that the case had not been settled. Instead, it was not until he learned that the Internal Revenue Service would receive the settlement proceeds under a tax levy that Mitchell expressed objections.

The basic considerations in these cases are stated in *Reichard v. Reichard*, 262 Ga. 561, 564 (423 SE2d 241): Oral settlement agreements are enforceable if their existence is established without dispute; all the essential terms must be agreed upon; the judgment must accurately reflect the settlement reached by the parties; and the courts are not authorized to adopt and incorporate into the judgment substantive terms not contained in the agreement between the parties. Further, it is not contended that the settlement was unauthorized. See *Addley v. Beizer*, 205 Ga. App. 714 (423 SE2d 398); *Lewis v. Uselton*, 202 Ga. App. 875 (416 SE2d 94).

We find that the judgment here meets those criteria. Mitchell does not dispute, and in fact admitted, that they reached a settlement of the case. Further, the essential terms resolving the dispute were agreed upon: Mitchell would receive a certain sum from Lucas, he would dismiss his claims against Lucas, and the terms of the agreement would remain confidential. Neither the IRS levy upon the settlement proceeds nor the written agreement's provision that the agreement would be confidential unless disclosed as required by subpoena, order, or law and proceedings brought to enforce the terms of the agreement, alters the substance of the agreement reached in court. Mitchell does not contend that Lucas' attorney could ignore the tax levy and any agreement to act contrary to the law would be void. See OCGA § 13-3-5; *Curtis v. Girard Fire &c. Co.*, 190 Ga. 854 (11 SE2d 3).

Accordingly, as the parties entered into a definite, certain, authorized and unambiguous settlement agreement, the trial court did not err by making that agreement the judgment of the court. *Dover Realty v. Butts County &c.*, 202 Ga. App. 787, 788 (415 SE2d 666).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED AUGUST 26, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993

Marshall L. Mitchell, *pro se.*
*Rogers & Hardin, Richard H. Sinkfield, Jennifer D. Roorbach,*