A98A0404, A98A0405. WARE et al. v. RENFROE et al.;
and vice versa.
(499 SE2d 907)

ELDRIDGE, Judge.

This is an appeal and cross-appeal from a final order and judgment entered by the State Court of Glynn County in a breach of con-

tract action. On September 1, 1995, sellers Patricia N. Renfroe and Charles H. Renfroe ("Renfroes") contracted in writing to sell their home on St. Simons Island to buyers Mary Chiles Ware and H. Hall Ware III ("Wares") for $285,000. The Wares paid the Renfroes $5,000 in earnest money upon execution of the contract. The contract provided that the closing date would be "as soon as practicable" after the sale of the Wares' home in Atlanta. The contract also provided that, if the Wares had not sold their home by November 30, 1995, the closing date could be extended until February 29, 1996, upon payment of an additional $5,000 in earnest money.

On November 1, 1995, the parties executed an amendment to the sales contract, which provided that the Wares would become tenants of the St. Simons home upon payment of $1,500 in monthly rent, with a portion of the rental payments being applicable to the purchase price of the home. In addition, the written amendment waived all contingencies to closing contained in Section 13 of the original sales contract. Further, the amendment provided that "[c]ommencing November 1, 1995, the Buyer, as Tenant, shall be solely responsible for all maintenance and utilities of the property."

On December 14, 1995, Mr. Ware wrote a letter to the Renfroes, which read as follows: "This letter confirms our telephone conversation whereby you agreed to defer until January 2, 1996 the $5,000 earnest money payment due on December 1, 1995 under our contact [sic] to purchase the house at 1801 Bruce Drive. Your agreement to defer this payment does not constitute a waiver of any right or remedy available to you under the terms of the contract. The deferred payment will bear interest at 10% per annum from December 1, 1995 until paid."

The Wares failed to pay the additional $5,000 in earnest money on January 2, 1996; the Wares also failed to close on the home by February 29, 1996, although the Renfroes continued to honor the contract extension until that time. On March 1, 1996, after the contract extension had expired, Mr. Ware wrote to the Renfroes and offered to pay $255,000 for the home, $30,000 less than the sales contract price. The same letter again confirmed that the Wares owed the Renfroes $5,000 in additional earnest money, plus interest from December 1, 1995, and proposed a third payment of $5,000 in earnest money "to extend the contract on the existing terms to June 30, 1996." The Renfroes refused to lower the sales price and continued to demand the overdue $5,000 in earnest money; they also demanded an additional payment of $5,000 in earnest money to secure another extension of the sales contract. On March 5, 1996, when the Wares failed to pay the overdue earnest money or to extend the contract, the Renfroes demanded that the Wares vacate the property. The Renfroes also demanded that the Wares, as holdover tenants, "continue to main-

tain the premises, including the swimming pool and grounds, in a condition equal to the condition in which the premises were maintained at the time you entered occupancy." The Wares vacated the property on April 6, 1996, after failing to pay the rent due on April 1, 1996.

The Renfroes filed suit for breach of contract on June 12, 1996, seeking the $5,000 in earnest money that was due on January 2, 1996; rent money for the first six days of April 1996; and other money damages. The Wares counterclaimed, asserting that the Renfroes owed them money for funds expended to repair and maintain the property during the rental period of November 1, 1995 through April 6, 1996. Both parties moved for summary judgment on their claims. On July 14, 1997, the trial court granted summary judgment to the Renfroes on both the claim and counterclaim, awarding the Renfroes $5,000, plus $41.66 in prejudgment interest at the contract rate of ten percent per annum, and costs of $89; no rent money was awarded. Both parties appealed the judgment.

### Case No. A98A0404

1. In their first two enumerations, the Wares assert that the trial court erred in denying their motion for summary judgment, while granting the Renfroes' motion for summary judgment, on the breach of contract claim. We disagree.

The facts clearly show that the parties entered into a written sales contract with an expiration date of November 30, 1995, which allowed the contract to be extended until February 29, 1996, upon payment of an additional $5,000 in earnest money; that the sales contract was amended in writing on November 1, 1995, to eliminate the sales contingencies of the original contract and to establish a rental agreement between the parties; that the Wares promised to pay the additional earnest money in exchange for an extension of the contract until February 29, 1996, but requested that the Renfroes defer such payment until January 2, 1996; that the Renfroes orally agreed to such deferral but expressly retained all of their legal rights under the contract; and that, *in reliance on the Wares' promise to pay the additional earnest money plus interest*, the Renfroes remained bound under the sales contract and refrained from selling the property to another until after the contract extension expired on February 29, 1996. Further, the facts show that the Wares failed to close on the property by February 29, 1996, and that the Wares never paid the overdue earnest money, even though the Renfroes had fully performed their part of the bargain by keeping the property off the market.

However, on appeal, the Wares assert that the sales contract was

never extended beyond November 30, 1995, because they had never actually *paid* the $5,000 due under the contract. This Court finds such assertion entirely without merit and offensive to long-standing legal and equitable principles. Under the doctrine of promissory estoppel, "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee . . . and which does induce such action or forbearance is binding. . . ." OCGA § 13-3-44 (a); *Insilco Corp. v. First Nat. Bank of Dalton*, 248 Ga. 322 (1) (283 SE2d 262) (1981); see also *Gen. Communications Svc. v. Ga. Public Svc. Comm.*, 244 Ga. 855, 856 (262 SE2d 96) (1979); *Pethel v. Waters*, 220 Ga. 543, 552 (140 SE2d 252) (1965). The oral amendment to allow the additional earnest money to be paid at a later date for the written extension of the contract was reasonable reliance under the circumstances. *W. R. Grace & Co. v. Taco Tico Acquisition Corp.*, 216 Ga. App. 423, 426 (1) (454 SE2d 789) (1995); *Fidelity & Deposit Co. v. West Point Constr. Co.*, 178 Ga. App. 578 (344 SE2d 268) (1986). As such, under the facts of this case, the Wares were bound to pay the promised $5,000 in earnest money, plus interest.

Further, the Wares clearly extended the sales contract when they promised to pay the earnest money by January 2, 1996. Once the Renfroes agreed to defer the payment, both parties were bound *both* to the agreement to defer the earnest payment *and* to the terms of the sales contract. See *Atlanta Six Flags Partnership v. Hughes*, 191 Ga. App. 404, 407 (381 SE2d 605) (1989). As such, this case is clearly distinguishable from *Floyd v. Morgan*, 60 Ga. App. 496 (4 SE2d 91) (1939), cited by the Wares. *Floyd*, supra, held that, under an option contract which required at least partial payment for the property as a condition precedent to exercising a purchase option, *mere notice* that one intends to exercise the option was insufficient to bind the purchaser to the contract, *as long as one had not received the benefits of the contract*. In this case, the Wares expressly promised to pay the earnest money on January 2, 1996, and thereby received the benefits from the extension of the exclusive, non-contingent sales contract. Therefore, the actual failure to make the promised payment did not relieve the Wares from their contractual obligations.

Further, the Wares' assertion that they are not bound by their asserted "oral" promise to pay the second earnest payment because such promise did not satisfy the Statute of Frauds is meritless. Under OCGA § 13-5-30 (4), Mr. Ware signed a letter expressly confirming the terms of the oral amendment to the written extension, i.e., the oral promise to defer payment of the additional earnest money, including the promise to pay interest from December 1, 1995. *Indus. Welding &c. Supplies v. C.I.T. Corp.*, 157 Ga. App. 611 (278 SE2d 50) (1981). In addition, the facts clearly show that the Renfroes fully performed under the contract in reliance on the Wares' promise

to pay the earnest money. See OCGA § 13-5-31 (2); *Alkaril Chemicals v. O'Lenick*, 202 Ga. App. 230 (414 SE2d 257) (1991).

As such, the evidence presented no jury issue as to whether the Wares were required to pay the $5,000 in additional earnest money plus interest thereon, or whether they failed to make such payment. Therefore, the trial court did not err in granting summary judgment to the Renfroes. OCGA § 9-11-56; *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. The Wares also assert that the trial court erred in granting the Renfroes' motion for summary judgment on the Wares' counterclaim for reimbursement of repair and maintenance expenses. However, under the express terms of the sales contract amendment, which was executed on November 1, 1995, the Renfroes agreed to rent the property to the Wares for $1,500 per month from November 1, 1995, until the sales contract could be closed, and the Wares agreed to be solely responsible for the maintenance of the property during such rental period. Accordingly, this enumeration is without merit.

### Case No. A98A0405

3. In their cross-appeal, the Renfroes assert that the trial court erred in awarding only $41.66 in prejudgment interest on their claim for the unpaid earnest money. The express terms of the agreement between the parties provided that the Wares would pay "10% per annum" on the $5,000 earnest money payment beginning December 1, 1995, until it was paid. Having found in Division 1, supra, no jury issue existed as to whether the Wares owed the $5,000 payment plus ten percent interest per annum to the Renfroes under the contract, as well as under the principle of promissory estoppel, this Court finds that the trial court erred in failing to award such interest for the period from December 1, 1995, until the final judgment was rendered. See also OCGA §§ 7-4-2 (a) (1) (A); 7-4-15; *Consulting Constr. Corp. v. Edwards*, 207 Ga. App. 296 (427 SE2d 789) (1993); *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 579 (2) (373 SE2d 758) (1988). Therefore, we vacate the judgment as to the trial court's award of prejudgment interest and remand for a recalculation of prejudgment interest in a manner consistent with this opinion.

4. The Renfroes also assert that the trial court erred in failing to award a rental payment for the period between April 1 through 6, 1996, during which time the Wares admittedly occupied the premises without paying rent, as well as prejudgment interest thereon. We agree.

No jury issue existed as to how much rent was owed by the Wares, whether the Wares owed such rent, or whether they failed to

make such rental payment. Therefore, the trial court abused its discretion in failing to award rent to the Renfroes in the amount of $50 per day, or $300 total. Further, as the amount of rent due was fixed and ascertainable under the rental agreement, the Renfroes were entitled as a matter of law to prejudgment interest on the unpaid rent for the period of April 6, 1996, until the final judgment. OCGA § 7-4-15; *Consulting Constr. Corp.*, supra; *Typo-Repro Svcs. v. Bishop*, supra; see also *In re Central of Ga. R. Co.*, 47 FSupp. 786 (S.D. Ga. 1942). This case is remanded with directions to enter a judgment in the amount of $300 plus prejudgment interest at the legal rate of seven percent per annum. OCGA § 7-4-2 (a) (1) (A).

*Judgment affirmed in part and vacated and remanded in part for disposition in accordance with this opinion. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 24, 1998.

*Gilbert, Harrell, Gilbert, Sumerford & Martin, Monroe L. Frey, H. Hall Ware III*, for appellants.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling*, for appellees.