### 65081. ATKINSON v. AMERICAN AGENCY LIFE INSURANCE COMPANY et al.

McMURRAY, Presiding Judge.

Plaintiff brought suit against defendant American Agency Life Insurance Company and two insurance agencies, seeking payment of the proceeds of a life insurance policy allegedly contracted for on the life of plaintiff's father (hereinafter referred to as Mr. Atkinson). Each of the defendants moved for summary judgment, and the trial court had the benefit of an extensive record in considering the motions. The court made detailed findings of fact and concluded as a matter of law that a contract of insurance had never come into existence between Mr. Atkinson and defendant American Agency Life. The court therefore granted its motion for summary judgment. (The court, however, denied the motions for summary judgment filed by the other two defendants, but that is irrelevant to the case sub judice.)

Plaintiff asserts two enumerations of error in this appeal. He asserts that the trial court erred in granting defendant American Agency Life Insurance Company's motion for summary judgment because questions of material fact exist as to two issues: (1) Whether

the minimum requirements for a contract of insurance were satisfied; and, (2) Whether defendant is estopped from asserting the defense of failure to supply the attending physician's statement? The pertinent facts bearing on the issues are summarized below.

Mr. Atkinson procured a life insurance policy from a non-party insurer in September 1979. In connection with procuring this policy he took a complete medical examination. In December 1979 he agreed, for reasons unimportant here, to replace the policy with a policy from defendant. He submitted an application to defendant along with an advance quarterly premium of $900. He was issued in return a conditional receipt, stating in part that the insurance applied for "shall be in force and effect from the date of the completed application including any required medical examination. . . ." In that connection, Mr. Atkinson was informed by defendant that it required a current chest X ray and an attending physician's statement.

Defendant was provided with a current chest X ray, but not the attending physician's statement, even after a second request for it. Mr. Atkinson then died on December 25, 1979. His personal physician thereafter sent the attending physician's statement to defendant, with the notation "Patient deceased." Plaintiff subsequently made a demand for the proceeds under the alleged life insurance contract, and it was defendant's refusal to tender the proceeds which gave rise to this action. *Held:*

1. Plaintiff's first contention is essentially that Mr. Atkinson substantially satisfied the conditions expressed in defendant's conditional receipt and therefore the life insurance was in force at the time of Mr. Atkinson's death, or at least it is a question of material fact. Defendant refutes this contention, asserting that Mr. Atkinson's failure to provide the attending physician's statement was a failure to satisfy the conditions for acceptance, or, at least until after the decedent's death.

The general rule is that an application for insurance, even with the concurrent prepayment of premiums, creates no binding contract of insurance until the insurer manifests its acceptance. *Sasser v. Coastal States Life Ins. Co.,* 113 Ga. App. 17 (1), 19-20 (147 SE2d 5); *Maddox v. Life & Cas. Ins. Co.* , 79 Ga. App. 164, 170-173 (53 SE2d 235). See also *Woodmen of the World Life Ins. Soc. v. Etheridge,* 223 Ga. 231 (154 SE2d 369) (revg. s.c. 114 Ga. App. 807, which had overruled *Maddox,* supra); *Harrison v. American Liberty Ins. Co.,* 155 Ga. App. 226, 227 (2) (270 SE2d 389) (automobile, comprehensive and collision insurance, not life insurance). See generally 17 EGL 25, Insurance, § 333. In the case sub judice, defendant manifested its acceptance in the conditional receipt, conditioning its acceptance

upon the completion of the application, including any required medical examination. Note: The physician's statement was not received until after the prospective insured had died.

Plaintiff does not dispute, and he implicitly concedes, that defendant considered the attending physician's statement as part of the required medical examination and its submission to be a condition precedent to the formation of a contract of insurance between itself and Mr. Atkinson. Plaintiff's attempts to circumvent the fact that the statement was not submitted until after Mr. Atkinson's death are unpersuasive. Defendant's agreement to insure Mr. Atkinson was expressly conditioned in part upon its receipt of the statement, and Mr. Atkinson's failure to provide the statement resulted in the proposed contract still being a mere offer, not accepted, at the time of his death. *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17, supra, at page 19. We, therefore, hold that the trial court correctly decided that a contract of insurance never came into existence between defendant and Mr. Atkinson.

2. Plaintiff's second contention is under the doctrine of promissory estoppel. The doctrine, as codified in Georgia, is: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. . . ." Code Ann. § 20-302.2 (a) (Ga. L. 1981, pp. 876, 877, eff. July 1, 1981) (now OCGA § 13-3-44, effective November 1, 1982). See Restatement 2d, Contracts, § 90 (1).

Plaintiff's contention is that Mr. Atkinson cancelled his old life insurance policy because of assurances by defendant that the new policy would be issued. We need look no further than plaintiff's brief, where he presents the assurances purportedly prompting Mr. Atkinson to cancel his old policy, to find that the contention must fail. The various statements extracted by plaintiff from the depositions of the local insurance agents all evince that the alleged assurances were that "a new policy *would be issued*" provided Mr. Atkinson's health had not declined since his last physical examination taken in connection with his application for the old policy. Thus, the assurances *communicated to* Mr. Atkinson through the local agents were not that he was insured, but that defendant would insure him when satisfied that he was at least as healthy as exhibited by the previous physical examination (which is obviously the reason defendant wanted a current attending physician's statement; see Division 1, supra). It appears that Mr. Atkinson, either knowing or presuming his health had not declined, cancelled his old policy *in anticipation* of being covered under the new policy. Unfortunately, Mr. Atkinson

necessarily bore the risk of dying during the gap between the two coverages.

We hold that the promises allegedly made by defendant that the new policy would be issued if Mr. Atkinson's health had not changed were not of the character that defendant should have reasonably expected that they would induce Mr. Atkinson to cancel his old policy prior to the issuance of the new one. We therefore reject plaintiff's estoppel argument.

A second reason also exists for rejecting the argument. As we concluded in Division 1, supra, no contract of insurance ever existed between defendant and Mr. Atkinson, and it has been held that "waiver or estoppel cannot create a contract of insurance coverage where none existed when the loss occurred." *Nawcas Benevolent Auxiliary v. Levin,* 118 Ga. App. 165, 167 (162 SE2d 738), citing 45 CJS 616, Insurance, § 674.

For the reasons expressed in Division 1 and above, we hold that summary judgment for defendant was appropriate in the case sub judice.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 13, 1983.

*Ronald W. Hallman,* for appellant.
*William F. Welch, Bobby Jones,* for appellees.