A89A1373. BENNETT v. CLARK et al.
(385 SE2d 780)

BANKE, Presiding Judge.

The appellant sued the appellees to recover damages based on certain misrepresentations which were allegedly made to him in connection with his purchase of a house. He appeals the grant of the appellees' motions for summary judgment.

Appellee Shirley Horton and her husband, who is not a party to these proceedings, owned a home in Walker County, Georgia, which they desired to sell. To this end, they entered into an exclusive listing agreement with appellee Century 21 Clark Realty, Inc. (hereafter referred to as "Century 21"). In connection with this listing agreement, Mrs. Horton provided certain information regarding the property to appellee Jerry Clark, a sales agent for Century 21. Mrs. Horton concedes that she incorrectly told Mr. Clark the interest rate on the existing mortgage loan on the property was 9-¼ percent, whereas the rate was actually 9-½ percent. Mr. Clark maintains that Mrs. Horton also mistakenly told him the loan matured in 1999 rather than 2009, the year the last payment was in fact due. Mrs. Horton disputes this latter contention; but, whatever the source of the error, it is apparent that following their discussion Mr. Clark caused the property to be advertised in a multiple-listing service catalog with the incorrect information not only that the interest rate on the mortgage was 9-¼ percent but also that it matured in 1999. The remaining balance owing on the loan was stated correctly in the advertisement, as was the name of the mortgage company which held the loan. Printed at the bottom of the page on which the advertisement appeared were the words, "INFORMATION DEEMED RELIABLE BUT NOT GUARANTEED."

The appellant subsequently noticed a "For Sale" sign in front of the house and approached appellee Elsie Drennan, a sales agent for appellee Seasons Properties, d/b/a Gloria Sutton Realtors (hereafter referred to as "Seasons Properties"), to obtain more information about the property. At his request, Ms. Drennan showed him the information appearing in the multiple-listing service advertisement. Negotiating through Ms. Drennan, the appellant ultimately executed a contract with the Hortons to purchase the property. Like the multiple-listing advertisement, the sale contract correctly disclosed the balance owing on the loan but incorrectly specified that the interest rate was 9-¼ percent rather than 9-½ percent. The maturity date of the loan was not shown in the contract.

It is undisputed that both the interest rate and the maturity date on the mortgage loan were correctly stated in the security deed, which was properly filed of record. However, the appellant did not cause the title to be examined prior to the closing, nor did he contact the mortgage company which held the security deed in an attempt to verify the terms and conditions of the loan. Although the appellant was shown a loan assumption statement at the time of the closing which correctly disclosed the interest rate on the loan, he evidently did not become cognizant of the discrepancy until over a year later. In the present action, he seeks damages against Mrs. Horton, Mr. Clark, and Century 21 based on their alleged fraud in misrepresenting to him the terms and conditions of the loan; and he seeks damages against Ms. Drennan and Seasons Properties for their alleged breach of a fiduciary duty to verify the terms and conditions of the loan on his behalf. *Held*:

1. "The gist or gravamen of an action for damages in tort based on the falsity of representations is that they must have involved actual moral guilt. [Cits.]" *Gaultney v. Windham*, 99 Ga. App. 800, 804 (109 SE2d 914) (1959). There has been no suggestion that the misrepresentations at issue in this case were made with the intent to deceive. More importantly, it is apparent without dispute from the record that the appellant neither asked any of the appellees to affirm the accuracy of the loan figures shown in the multiple-listing advertisement nor otherwise sought to verify the correctness of these figures. Under such circumstances, his blind reliance on the correctness of the figures taken from the multiple-listing ad must be considered unjustified as a matter of law. See *Crawford v. Williams*, 258 Ga. 806, 808 (375 SE2d 223) (1989); *Hill v. Century 21 Max Stancil Realty*, 187 Ga. App. 754 (2) (371 SE2d 217) (1988). Accordingly, we hold that the trial court did not err in entering summary judgment against the appellant on the fraud claim.

2. The trial court similarly did not err in concluding as a matter of law that Ms. Drennan and Seasons Properties owed no fiduciary duty to the appellant to verify the correctness of the loan figures shown in the multiple-listing ad. By affidavit, Ms. Drennan testified that she had neither acted as the appellant's agent with respect to the transaction nor told him she was doing so. She averred that she was instead acting at all times as a sub-agent for Century 21, the listing broker; and her testimony in this regard is supported by examination of the sale contract, which she signed in precisely that capacity. There being no independent evidence in the record to refute these averments and to support the appellant's position that Ms. Drennan was acting as his fiduciary in dealing with the sellers, we conclude that the trial court was also correct in entering summary judgment against the appellant with respect to his claim against these appellees. See *Jim*

*Royer Realty v. Moreira,* 184 Ga. App. 848 (363 SE2d 10) (1987). Accord *Hill v. Century 21 Max Stancil Realty,* supra.

3. The appellant's remaining contentions on appeal are rendered moot by the foregoing.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 5, 1989.

*Harriss, Hartman, Aaron, & Townley, Amy E. Abernathy,* for appellant.

*Gleason & Davis, John W. Davis, Jr., David J. Dunn, Jr., Clifton M. Patty, Jr., Larry D. Ruskaup,* for appellees.