A89A1883. PROTECTIVE LIFE INSURANCE COMPANY v.
ROBINSON.
(387 SE2d 603)

Sognier, Judge.

Doris M. Robinson brought suit against Protective Life Insurance Company seeking payment of the proceeds of an insurance policy on the life of her deceased husband, Steve Robinson. Cross-motions for summary judgment were filed, and the trial court granted partial summary judgment in favor of Protective Life on the issue of the existence of a contract, finding that no contract existed; granted partial summary judgment in favor of Robinson on the issue of promissory estoppel; and denied summary judgment to Protective Life on the issue of whether the decedent had made material misrepresentations of fact on the application. Protective Life appeals from the grant of partial summary judgment to Robinson and the denial of its motion for summary judgment.

The record reveals that the decedent was an employee of Williams Lumber Company (Williams) and that on November 21, 1985, an agent of appellant, with Williams' permission, took applications for life insurance from interested Williams employees, including the decedent. Appellant received the decedent's application on December 31, 1985, and began to process it. Appellant requested that the decedent submit a new application because of procedural errors in the first one, and also requested an attending physician's statement (APS) from Dr. P. Benton, the Williams company physician, whom the decedent had listed on the application as having treated him recently for high blood pressure. On January 27, 1986, appellant received the new application. When the APS form sent to Dr. Benton was returned by the postal service, appellant requested Dr. Benton's full name and mailing address on February 3, 1986. On February 13, 1986, appellant directed its agent in Atlanta to determine the name of the proposed beneficiary and to arrange with the decedent for a medical examination and other matters. On March 10, 1986, the agent supplied the beneficiary information and on March 28, 1986, appellant received the correct name and address of the attending physician. On March 31, 1986, appellant informed the agent that it must have the

medical examination and other matters within fourteen days or the file would be closed. On April 8, 1986, appellant learned from its agent that Steve Robinson had died on March 22, 1986. On April 15, appellant received the APS from Dr. Benton.

1. Appellant contends the trial court erred by granting summary judgment to appellee on the issue of promissory estoppel because, having found that no contract of insurance existed and granted summary judgment in favor of appellant on that issue (which ruling has not been appealed), it could not properly find that coverage was then created by waiver or estoppel, as under Georgia law " 'waiver or estoppel cannot create a contract of insurance coverage where none existed when the loss occurred.' [Cits.]" *Atkinson v. American Agency Life Ins. Co.*, 165 Ga. App. 102, 105 (299 SE2d 600) (1983). We agree and reverse.

"The general rule is that an application for insurance, even with the concurrent prepayment of premiums, creates no binding contract of insurance until the insurer manifests its acceptance. [Cits.]" Id. at 103. Usually such acceptance is manifested by the issuance of a policy, but in the case at bar, as in *Atkinson*, supra, the insurer manifested conditional acceptance prior to the issuance of the police by its issuance of a conditional receipt. The receipt stated: "CONDITIONS UNDER WHICH INSURANCE MAY BECOME EFFECTIVE PRIOR TO POLICY DELIVERY. Insurance based on the application will take effect prior to policy delivery on the 'effective date' *only if all the following conditions are met*: (1) that on the 'effective date' the proposed insured(s) is (are) insurable exactly as applied for under [appellant's] underwriting rules for the plan, amount and premium rate applied for; (2) that the amount paid with the application and shown on the reverse side hereof is equal to the first full premium rate applied for; and (3) that there are no material misrepresentations in the application(s). . . . In this Receipt, 'effective date' means the latest of: (1) the date of the application; or (2) the date of the last of any medical examinations or tests required under our underwriting rules and practices; or (3) the date requested in the application. . . . If the application to which this Receipt was attached is not approved as applied for within ninety days from its date, this Receipt is void. [Appellant's] only liability in such event will be to return any money received." (Emphasis supplied.)

It is clear from this language that prior to the issuance of a policy insurance coverage would be effective only if all the conditions stated in the receipt were met. It is equally clear those conditions were not met. The "effective date" in this case was the date of the last of any medical examinations or tests required under appellant's underwriting practices, as it was the last of the three events listed to occur. The medical examination required by appellant had not occurred at the

time appellee's husband died. On that "effective date" the decedent was not "insurable exactly as applied for under the . . . premium rate applied for" because on that "effective date" the proposed insured was dead. Thus, under the terms explicitly stated in the conditional receipt, coverage was not effective prior to the issuance of a policy. As no policy was issued subsequently, no coverage existed.

Contrary to appellee's argument and the trial court's ruling, under Georgia law neither an insurer's delay in passing upon an application (see *Watkins v. Coastal States Life Ins. Co.*, 118 Ga. App. 145 (162 SE2d 788) (1968); *All American Assurance Co. v. Brown*, 177 Ga. App. 402, 404-405 (339 SE2d 611) (1985)), nor its acceptance of premiums (see *Whitmire v. Colonial &c. Ins. Co.*, 172 Ga. App. 651 (323 SE2d 843) (1984); *Sasser v. Coastal States Life Ins. Co.*, 113 Ga. App. 17, 19-21 (1) (147 SE2d 5) (1966)) has the effect of creating a binding obligation upon the insurer, even when the insured has forborne seeking other insurance. See *Watkins*, supra at 148-149. In fact, in *Atkinson*, supra, this court specifically rejected the contention that an insurer is estopped from denying coverage because it retained premiums for seven months and never notified the applicant.

As noted by the trial court, the doctrine of promissory estoppel " 'relates to the sufficiency of consideration to enforce a promise.' " No question of the sufficiency of the consideration is present here. Rather, the issue is whether an unconditional promise to provide coverage existed. We conclude that only a conditional promise was made, and promissory estoppel does not operate to make a conditional promise unconditional. See generally *Loy's Office Supplies v. Steelcase, Inc.*, 174 Ga. App. 701, 702 (331 SE2d 75) (1985). Because the conditions precedent to the fulfillment of the promise were never complied with, no coverage existed and the trial court erred by granting partial summary judgment to appellee by misapplying the doctrine of promissory estoppel.

2. Our decision in Division 1 mandates summary judgment in favor of appellant and renders it unnecessary that we consider appellant's contentions regarding whether the decedent made material misrepresentations on the application.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED OCTOBER 26, 1989.

*Peterson, Young, Self & Asselin, Louise B. Matte, Kirk M. McAlpin, Jr., Susan S. Jones*, for appellant.
*Kirby G. Bailey*, for appellee.