## A90A1215. LEE v. NORTH AMERICAN LIFE & CASUALTY COMPANY et al.

(397 SE2d 64)

BIRDSONG, Judge,

Mrs. Lee brought this action against appellee and another credit life insurance company ("the companies") after the denial of her claim for benefits under a credit life insurance policy on her deceased husband. She contends that her husband had a contract of credit life insurance with the companies which they breached by denying the claim, and that the companies fraudulently accepted the Lees' application for insurance, fraudulently retained the premiums, and failed to inform the Lees that they were not eligible for the insurance. Mrs. Lee also alleged that the companies intentionally caused her emotional distress.

The companies moved for summary judgment contending that they did not issue Mr. Lee an insurance policy because he was too old at the time he applied, that although they issued a policy to Mrs. Lee, this policy was canceled when they learned that she had no insurable interest in the house, and that their actions were in accordance with law. Mrs. Lee's response to the motion relied upon the deposition testimony of a witness who was purportedly an expert in insurance matters.

Construing the evidence most favorably for Mrs. Lee, the record shows that Mr. Lee received a mailing from his mortgage company offering credit life insurance to persons below the age of 65 who owed a debt to the mortgage company. Mr. Lee completed and submitted the application for himself and Mrs. Lee as co-applicants. At the time the application was submitted, however, Mr. Lee was older than 65 and thus was not eligible for the insurance. Consequently, the notation "OVERAGE" was written across his portion of the application, and a certificate of insurance issued only for "M. Lee" showing Mrs. Lee's birthdate in the section for the insured's birthdate. Mr. Lee's first initial was "J.," not "M." The premium collected was only the amount due for one insured. The record also reflects that the application showing the "OVERAGE" over Mr. Lee's portion was returned to the Lees with the certificate of insurance.

The record also shows that Mr. Lee owned the home in his own name only, and that only Mr. Lee was obligated on the mortgage. When Mr. Lee died, Mrs. Lee submitted a claim for the policy benefits which was denied because no coverage existed for Mr. Lee. In the processing of his claim, it became apparent that Mrs. Lee had no insurable interest, and as a result, her policy was canceled and the premiums paid were returned with interest.

The companies' motion was granted, and Mrs. Lee now appeals contending this was error. She asserts that it was error for the trial

court not to consider the testimony of her expert witness; and that a question of fact remains whether she was an insured under the policy, whether the companies breached a duty owed her, and whether the companies converted her money so as to constitute the intentional infliction of emotional harm. *Held*:

1. Mrs. Lee places great emphasis on the trial court's having found her witness to be an expert on insurance matters in another case. Such a finding, however, does not mean that the witness was an expert in all areas of insurance company practices for all time. Moreover, even if an insurance expert, the witness could not testify on matters which were not relevant or material (*Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (386 SE2d 709)), which were legal conclusions (*Allison v. State*, 256 Ga. 851, 853 (353 SE2d 805); *Nichols v. State*, 177 Ga. App. 689, 692-693 (340 SE2d 654)), or were outside his particular area of expertise. *Southern R. Co. v. Cabe*, 109 Ga. App. 432, 442 (136 SE2d 438). Therefore, the trial court did not err by excluding the witness' testimony. This witness had no expertise in the type of insurance matters in question, and for the most part, his deposition testimony constitued nothing more than his personal views on the case.

2. The trial court did not err by granting summary judgment to the companies on Mrs. Lee's claims. The record demonstrates no policy of credit life insurance was ever issued on Mr. Lee's life. Consequently, there was no policy, and Mrs. Lee has no entitlement to any policy proceeds. *Georgia Cas. &c. Co. v. Hardrick*, 211 Ga. 709, 712 (88 SE2d 394); *Protective Life Ins. Co. v. Robinson*, 193 Ga. App. 316, 317-319 (387 SE2d 603); *Appling v. Home Fed. Sav. &c. Assn.*, 185 Ga. App. 356, 358-360 (364 SE2d 91).

Further, the record shows the policy on Mrs. Lee's life was canceled before any beneficiary became entitled to the policy proceeds. Therefore, she is not entitled to the proceeds of that policy. Consequently, whether the companies breached some unspecified duties owed Mrs. Lee, or whether she was insured under a policy, she has suffered no loss or has no entitlement to any benefits.

Moreover, the record amply demonstrates that Mrs. Lee cannot establish a claim for fraud or intentional infliction of emotional distress. The companies' actions in this case do not constitute those required for an action for fraud, since there were no misrepresentations made with the intent to deceive, nor do they constitute the egregious misconduct necessary to sustain an action for infliction of emotional distress. *Bennett v. Clark*, 192 Ga. App. 698, 699 (385 SE2d 780); *Moses v. Prudential Ins. Co. of America*, 187 Ga. App. 222, 224 (369 SE2d 541).

Therefore, the companies met their burden under OCGA § 9-11-56, and the trial court did not err by granting them summary judg-

ment.
  *Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 7, 1990.

*Thomas R. Herndon*, for appellant.
  *H. Pearce Scott, John M. Tatum, Booth, Wade & Campbell,
Brian J. Morrissey, Douglas N. Campbell*, for appellees.