A92A1996. CONSULTING CONSTRUCTION CORPORATION et al. v. EDWARDS.
(427 SE2d 789)

BLACKBURN, Judge.
Marilyn Edwards brought suit on a note against Consulting Con-

struction Corporation ("the corporation") and its president, Judson Breedlove, as guarantor. The defendants answered and counter-claimed, alleging fraud and deceit. After discovery was commenced, the plaintiff moved the court for summary judgment on both the note and counterclaim. The defendants subsequently moved to compel the discovery of various business records and other documents. The trial court denied defendants' motion to compel discovery, but granted plaintiff's motion for summary judgment on the note and the counter-claim, from which both defendants appeal.

The record reveals that the appellee operated a secretarial service and at one time subleased an office to the corporation and Breedlove. When Breedlove learned that the appellee desired to sell her business and move to Florida, he expressed an interest in purchasing certain assets of the business. The parties entered into negotiations concern-ing the sale of the equipment and inventory in addition to the secre-tarial service consulting portion of the business. The appellee submit-ted a proposal on the intangibles associated with the business, including the name of the business and client list. On March 8, 1990, the parties executed a "Sale of Assets Agreement" pursuant to which the corporation simultaneously signed a note and Breedlove signed a personal guaranty. The agreement represented "the entire agreement and understanding between the parties," superseding "any prior agreement or understanding relating to the subject matter of [the] agreement." The corporation made payment pursuant to the agree-ment during the months of March, April, May, and June of 1990. The corporation subsequently failed to make payments as they became due, and appellee, through counsel, exercised her right to accelerate the loan, demanding the entire balance. The appellants offered to ne-gotiate the terms of the agreement by providing a cash repayment and returning some equipment. However, the parties were unable to resolve the appellant's default and this action ensued.

1. The appellants contend that the trial court erred by granting summary judgment to appellee on appellants' counterclaim when gen-uine issues of fact remained to be decided concerning fraud and re-scission. During the negotiations leading to the sale of assets, appellee proposed as a basis for the sale price of the business a sum that she represented as corresponding to one-twelfth of the business' yearly gross receipts. The figure given by appellee was accepted by appel-lants, and the sale proceeded based thereon. Appellants now argue that the figure disclosed by appellee, which they claim induced them to purchase the business, was false.

A party opposing a motion for summary judgment is to be given the benefit of all favorable inferences that may be drawn from the evidence. *Georgia Intl. Life Ins. Co. v. Huckabee*, 175 Ga. App. 343, 345 (333 SE2d 618) (1985). Although the appellants assert that there

is an issue of fact as to whether the contract was rescinded, the record shows that the appellants attempted to rescind the contract on December 2, 1991, in an averment in Breedlove's affidavit proffered in opposition to appellee's motion for summary judgment. Rescission must occur prior to and " *'as a condition precedent to the bringing of the action. . . .'* (Emphasis supplied.) [Cit.]" *Nexus Svcs. v. Manning Tronics*, 201 Ga. App. 255, 256 (2) (410 SE2d 810) (1991). The appellants' attempt to rescind the contract in response to the appellee's motion for summary judgment was untimely and not sufficient to authorize their recovery. As a result, the appellants affirmed a contract which contained a merger clause. " '(W)here the purchaser affirms a contract which contains a merger or disclaimer provision and retains the purchased articles, he is estopped from asserting that he relied upon the seller's misrepresentation and his action for fraud must fail. (Cit.)' [Cit.]" *Roth v. Bill Heard Chevrolet*, 166 Ga. App. 583, 584 (305 SE2d 31) (1983). The appellants have affirmed the contract and are bound by its terms, which include a merger and entireties clause, providing that the contract constituted "the entire agreement and understanding between the parties and supersede any prior agreement and understanding relating to the subject matter of [the] agreement." Construing the evidence in the light most favorable to the appellants, we hold that the trial court properly granted the appellee's motion for summary judgment on the appellants' counterclaim as a matter of law.

Even assuming, arguendo, that a question of fact exists as to whether appellants affirmed the contract and consequently whether their counterclaim sounds in tort rather than in contract, an action for misrepresentation requires proof of five elements, including appellants' justifiable reliance on appellee's false representations. See *Ekstedt v. Charter Med. Corp.*, 192 Ga. App. 248, 249 (1) (384 SE2d 276) (1989). Before signing the sales contract, appellants did not request that appellee disclose income tax records for the purpose of verifying appellee's statements regarding the gross receipts of the business they were purchasing. They simply accepted appellee's figure. Under these circumstances, their blind reliance on this figure must be considered unjustified as a matter of law. See *Bennett v. Clark*, 192 Ga. App. 698, 699 (1) (385 SE2d 780) (1989); *Roller-Ice v. Skating Clubs of Ga.*, 192 Ga. App. 140, 143 (384 SE2d 235) (1989) (Beasley, J., concurring specially). Accordingly, as an essential element of a fraud claim was missing, summary judgment in appellee's favor was proper. *Bennett v. Clark*, supra at 699.

2. Because we have held in Division 1 that appellants' fraud claim is precluded as a matter of law, it follows that the trial court did not err by denying appellants' motion to compel discovery.

3. Appellants maintain that the trial court erroneously awarded

prejudgment interest to the appellee. Appellants argue that OCGA § 13-6-13 has been construed as vesting discretion to award prejudgment interest exclusively in the factfinder, and because appellants had requested a jury trial, the trial court was not the factfinder and consequently was without authority to make such an award. We find no merit in this enumeration. Section 13-6-13 is applicable to cases involving unliquidated damages. *Braner v. Southern Trust Ins. Co.*, 255 Ga. 117, 119 (1) (335 SE2d 547) (1985). A debt is liquidated when it is certain how much is due and when it is due. *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 579 (2) (373 SE2d 758) (1988). Because the amount due on the note and personal guaranty forming the subject matter of this action were ascertainable under the terms of the instruments, the damages sought were liquidated. Consequently, OCGA § 7-4-15, which provides that "[a]ll liquidated demands . . . bear interest from the time the party shall become liable and bound to pay them," is the statute applicable to the award of prejudgment interest in the case at bar. The award of prejudgment interest pursuant to OCGA § 7-4-15 is mandatory rather than discretionary, *Brandt v. Eckman*, 79 Ga. App. 47, 55 (8) (52 SE2d 665) (1949), and is awarded by a judge as a matter of law. See *American Family Life Assur. Co. v. U. S. Fire Co.*, 885 F2d 826, 836 (18) (C) (11th Cir. 1989). Accordingly, the trial court did not err by including prejudgment interest in the summary judgment awarded to appellee.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JANUARY 22, 1993 —
RECONSIDERATION DENIED FEBRUARY 9, 1993 — 

*B. Dean Grindle, Jr.*, for appellants.
*Jackson & Tyler, Michael A. Dominy*, for appellee.