A98A1145. GUINN TRANSPORT, INC. v. CANAL INSURANCE COMPANY.
A98A1146. CLEVELAND et al. v. CANAL INSURANCE COMPANY.
(507 SE2d 144)

McMURRAY, Presiding Judge.

In this declaratory judgment action, the trial court granted summary judgment to plaintiff Canal Insurance Company ("Insurer"), limiting insurance coverage under a uniform motor carrier liability policy issued by the Insurer to defendant-appellant Guinn Transport, Inc. ("Guinn Transport") for injuries received by defendant-appellants Sara Belk Cleveland and William Moss when they were front seat passengers in a tractor-trailer leased by Guinn Transport and driven by Guinn Transport's agent, James Ussery. The tractor-trailer overturned on a curve, and the passengers were hurt.

After Sara Belk Cleveland and William Moss sued Guinn Transport, the Insurer sought a declaration of no coverage per an "OCCUPANT" exclusion providing that "Bodily Injury Liability does not apply to Bodily Injury including death at any time resulting therefrom, sustained by any person while in or upon, entering or alighting from the automobile. . . . It is further agreed that, in the event the [insurance] company shall, because of provision of the Federal or State statutes become obligated to pay any sum or sums of money

because of such bodily injury or death resulting therefrom, the insured agrees to reimburse the [insurance] company. . . ." It is stipulated that Guinn Transport is a motor common carrier within the meaning of OCGA § 46-1-1 et seq. and that a certification of this policy was filed with the Georgia Public Service Commission ("PSC"), "as proof of financial responsibility," in compliance with OCGA § 46-7-12 (a).

The trial court concluded this exclusion is not against public policy and applied it beyond the statutory minimum limits of coverage as "established by Georgia's compulsory insurance laws, O.C.G.A. §§ 33-34-4 and 40-9-2." The trial court expressly ruled that the "mandatory minimum limits of $100,000 per person/$300,000 per accident set forth in PSC Rule 1-8-1-.01 do not apply[; and that] defendant[s] Cleveland and Moss are not within the 'class' of persons intended to be protected by the common carrier provisions of Title 46[, because] Cleveland and Moss were passengers in a freight or commercial vehicle and not a passenger carrier." Pursuant to OCGA § 9-11-56 (h), in Case No. A98A1145, Guinn Transport appeals the grant of summary judgment to the Insurer, and in Case No. A98A1146, Sara Belk Cleveland and William Moss also appeal. These appeals raise identical enumerations of error, and so are hereby consolidated for disposition in a single opinion. *Held*:

In seven related enumerations of error, defendants Guinn Transport, Sara Belk Cleveland, and William Moss contend the trial court erred in enforcing the policy exclusion above the minimum statutory requirements as established by OCGA § 40-9-2 (5) (A), rather than the minimum compulsory coverages established by PSC Rule 1-8-1-.01. We agree and reverse.

1. The salient circumstance here is that the Insurer issued a uniform motor carrier liability endorsement. By this act, the Insurer expressly, as well as necessarily, "amend[ed] the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby. . . ." "Accordingly any provision in the policy of insurance, in so far as it may conflict with the plain provisions of the statute, [OCGA § 46-7-12, or any validly promulgated PSC regulations pertaining thereto,] must give way, and are superseded by the statutory provisions." *Great American Indem. Co. v. Vickers*, 183 Ga. 233, 237 (188 SE 24).

2. OCGA § 46-7-12 (a) requires proof of financial responsibility in the form of a bond, an indemnity insurance policy, or through self-insurance if permitted by the PSC, to protect "the public against injury proximately caused by the negligence of [a] motor common or contract carrier, its servants, or its agents." The PSC is expressly authorized to determine the amount and limitations of such financial

responsibility for the benefit of "any person who shall sustain actionable injury or loss protected thereby." OCGA § 46-7-12 (b). Pursuant to this authority, the PSC promulgated Rule 1-8-1-.01, which "established the minimum statutory compulsory liability limits for motor carriers to be $100,000 per person and $300,000 per occurrence." *Kinard v. Nat. Indem. Co.*, 225 Ga. App. 176, 177 (1), n. 2 (483 SE2d 664), aff'd, *Ross v. Stephens*, 269 Ga. 266 (496 SE2d 705).

3. Nevertheless, the Insurer insists that because defendants Sara Belk Cleveland and William Moss were passengers in a *freight* carrier and not a *passenger* carrier, the applicable limits of financial responsibility for bodily injury or death are determined under the Motor Vehicle Safety Responsibility Act. This amounts to $15,000 per person and $30,000 for two or more persons injured in one accident. OCGA § 40-9-2 (5) (A). We disagree.

The class of persons protected by PSC Rule 1-8-1-.01 is defined as "any person who sustains actionable injury or loss as a result of the negligence of the common carrier or its agents. *Great American Indem. Co. v. Vickers*, 183 Ga. 233, 236 [supra]." *Ross v. Stephens*, 269 Ga. 266, 267, supra. That includes the permissive passengers of Guinn Transport's driver in this instance, defendants Sara Belk Cleveland and William Moss. Compare *Homick v. American Cas. Co.*, 202 Ga. App. 831, 832 (415 SE2d 669), where that injured plaintiff, "as [the] operator of the truck [himself, was held to be] not among the class protected by OCGA § 46-7-12. . . ." The trial court erred in failing to apply the minimum compulsory liability limits established by PSC Rule 1-8-1-.01 as the bodily injury liability limits incorporated into the Insurer's policy through its uniform motor carrier bodily injury and property damage liability insurance endorsement.

4. Remaining considerations have been rendered moot by our holdings in Divisions 1, 2, and 3.

*Judgments reversed. Blackburn and Eldridge, JJ., concur.*

DECIDED AUGUST 19, 1998 —
RECONSIDERATIONS DENIED SEPTEMBER 4, 1998 — ▮▮▮▮▮▮

*William A. Turner, Jr.*, for appellant (case no. A98A1145).

*Champion & Holbird, Thomas R. Holbird, Jr., Northcutt, Edwards, Gordon & Feingold, Claudia E. Gordon, Jason R. Schultz, Joseph H. King, Jr.*, for appellants (case no. A98A1146).

*McNatt, Greene & Thompson, Hugh B. McNatt, Troy L. Greene, Gray & Gilliland, T. Cullen Gilliland, Thomas J. Lehman*, for appellee.