A04A0870. HOUSTON v. HOUSTON.
(600 SE2d 395)

BLACKBURN, Presiding Judge.

Following the trial court's grant of Ronald Houston's motion to dismiss for failure to state a claim, Allyson Houston, his daughter, appeals, contending that her complaint sufficiently alleged promissory estoppel regarding her father's promise to pay half of her college costs. For the reasons set forth below, we reverse.

"A trial court should grant a motion to dismiss only when, assuming the allegations in the complaint are true, the plaintiff would not be entitled to any relief under the facts as stated and the defendant demonstrates that the plaintiff could not introduce evidence that would justify granting the relief sought. Our review is de novo." (Footnote omitted.) *Moore v. BellSouth Mobility*.[1] See *Anderson v. Flake*.[2] In the context of reviewing an OCGA § 9-11-12 (b) (6) motion to dismiss, "we are required to accept all of the factual allegations of the complaint as true, and all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor." (Citation and punctuation omitted.) *Brantley v. Dept. of Human Resources*.[3]

The complaint alleges that Ronald repeatedly promised Allyson that he would pay one-half of the costs of Allyson attending a private historically African-American college or university. Relying on this

---

[9] OCGA §§ 15-9-30 (a) (5), (6), (10); 15-9-34.

[1] *Moore v. BellSouth Mobility*, 243 Ga. App. 674, 675 (534 SE2d 133) (2000).

[2] *Anderson v. Flake*, 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

[3] *Brantley v. Dept. of Human Resources*, 271 Ga. 679, n. 3 (523 SE2d 571) (1999).

promise, Allyson applied to and was accepted into Clark Atlanta University. Ronald reiterated this promise after Allyson's acceptance and specifically agreed to pay one-half of the costs of her tuition, room, board, books, and other expenses at Clark (less certain scholarship, work study, and grant monies). Allyson relied on this reiterated promise and, foregoing opportunities to apply to and enroll in other colleges or universities of significantly less cost, enrolled in Clark. Ronald nevertheless refused to honor his commitment. Allyson alleges that to avoid injustice, Ronald must be required to honor his promise to her.

Accordingly, Allyson sued Ronald for promissory estoppel and sought to recover one-half of her Clark expenses. Citing OCGA § 9-11-12 (b) (6), Ronald moved to dismiss the complaint for failure to state a claim.[4] The court granted the motion, which ruling Allyson appeals.

OCGA § 13-3-44 (a) provides: "A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise." Based on this language, the elements of a promissory estoppel cause of action are: "(1) defendant made certain promises, (2) defendant should have expected that plaintiff[ ] would rely on such promises, (3) the plaintiff[ ] did in fact rely on such promises to [her] detriment, and (4) injustice can be avoided only by enforcement of the promise." *Canterbury Forest Assn. v. Collins.*[5]

Allyson has alleged facts supporting each of these elements. Knowing Allyson would rely thereon, Ronald promised to pay half of her Clark college expenses. Relying on this promise, Allyson forewent the opportunity to apply to other less expensive colleges and enrolled in Clark. Allyson further alleged that to avoid injustice, Ronald should be required to honor his promise to Allyson. Such allegations set forth a promissory estoppel cause of action. See *Wright v. Newman*[6] (defendant's promise to assume financial obligations of fatherhood enforceable under doctrine of promissory estoppel where plaintiff relied thereon and did not seek support from child's natural father); *Mooney v. Mooney*[7] (defendant's promise to financially support grandchild enforceable under doctrine of promissory estoppel

---

[4] The motion asked in the alternative for summary judgment. Because the court granted the motion to dismiss, the alternative was never reached. In any case, Ronald submitted no evidence or additional argument in support of his motion for summary judgment.

[5] *Canterbury Forest Assn. v. Collins*, 243 Ga. App. 425, 428 (2) (532 SE2d 736) (2000).

[6] *Wright v. Newman*, 266 Ga. 519, 520-521 (467 SE2d 533) (1996).

[7] *Mooney v. Mooney*, 235 Ga. App. 117, 119-120 (1) (508 SE2d 766) (1998).

where plaintiff in reliance thereon accepted custody of the grandchild).

Finally, we note that Ronald's repeated arguments in his appellate brief that the facts alleged in the complaint are contradicted by Allyson's deposition testimony are simply irrelevant to this appeal for two reasons. First, our review is limited to factual allegations made in the complaint, not extraneous documents, and second, the deposition referenced by Ronald is not even a part of the appellate record.

*Judgment reversed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 17, 2004.

*Manchel, Wiggins & Kaye, Scott M. Kaye*, for appellant.
*Eastman & Apolinsky, Stephen D. Apolinsky*, for appellee.