A09A0965. U.S. FOODSERVICE, INC. v. BARTOW COUNTY BANK.

(685 SE2d 777)

PHIPPS, Judge.

We granted interlocutory review of the trial court's denial of summary judgment to U.S. Foodservice, Inc. in an action brought against U.S. Foodservice by the Bartow County Bank.[1] In its complaint, the Bank claimed that U.S. Foodservice breached an agreement with Ray's Food Service, Inc. to wire payments made to Ray's under a specific contract to an account Ray's held at the Bank. For reasons that follow, U.S. Foodservice is entitled to judgment as a

---

[1] Although U.S. Foodservice originally moved to dismiss the action, the trial court considered matters outside the pleadings in its determination and thus treated the motion as one for summary judgment. See *Ford v. Caffrey*, 293 Ga. App. 269, 270 (666 SE2d 623) (2008).

matter of law. Accordingly, we reverse.

We review the denial of a defendant's motion for summary judgment de novo, viewing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party.[2] So viewed, the evidence shows that U.S. Foodservice had a contract with Ray's, referred to as an "Agreement for Guaranty of Payment." Under the terms of the Guaranty of Payment, Ray's deposited funds with U.S. Foodservice to cover accounts receivables that certain U.S. Foodservice customers owed U.S. Foodservice. As the customers satisfied their accounts with U.S. Foodservice, the Guaranty of Payment obligated U.S. Foodservice to return those funds to Ray's.

In April 2007, the Bank agreed to extend Ray's a business line of credit. Ray's intended to use the funds it had deposited with U.S. Foodservice under the Guaranty of Payment to repay the loan, as the U.S. Foodservice customers satisfied their accounts and the funds were returned to Ray's. Before extending the line of credit, the Bank required Ray's to provide written confirmation that U.S. Foodservice would wire directly to an account Ray's held with the Bank the funds that U.S. Foodservice returned to Ray's pursuant to the Guaranty of Payment.

At the request of Ray's, on April 4, 2007 U.S. Foodservice wrote a letter to Ray's that stated in pertinent part: "U.S. Foodservice — Atlanta agrees that all funds due to Ray's Foodservice [sic] from the . . . Guaranty of Payment will be wired to Bartow County Bank per the following wire instructions." The letter provided routing information for the bank account. Ray's forwarded this letter to the Bank.

Shortly thereafter, Ray's breached the Guaranty of Payment, which authorized U.S. Foodservice to retain the funds previously deposited by Ray's. In July 2007, Ray's and U.S. Foodservice agreed to substitute a new contract, referred to as a "Novation and Repayment Agreement," for the Guaranty of Payment; the Novation and Repayment Agreement authorized U.S. Foodservice to apply the funds in a different manner.

Thereafter, Ray's defaulted on its business line of credit and on other obligations it owed the Bank. The Bank brought an action against Ray's and against entities and individuals who had guarantied its obligations to the Bank. The Bank included in this action a count against U.S. Foodservice, in which the Bank alleged that (1) in the April 4 letter, U.S. Foodservice agreed to pay directly to the Bank funds it owed Ray's under the Guaranty of Payment; (2) this wire agreement was part of the Bank's consideration in making a loan to

[2] *Cotton States Mut. Ins. Co. v. Kinzalow*, 280 Ga. App. 397 (634 SE2d 172) (2006).

Ray's; (3) U.S. Foodservice "breached its agreement in favor of [the Bank], by failing to pay the sums due it from the account indebtednesses described in the . . . Guaranty of Payment directly to [the Bank]"; and (4) U.S. Foodservice was liable to the Bank "for the sums described in the . . . Guaranty of Payment, which . . . U.S. Foodservice . . . failed to pay directly to [the Bank] as agreed."

1. U.S. Foodservice contends that, as a matter of law, the Bank did not have standing as a third-party beneficiary to enforce an obligation, if any, created by the April 4 letter. We agree.

It is undisputed that the Bank was not a party to either the Guaranty of Payment between U.S. Foodservice and Ray's or to the April 4 letter. However, "[t]he beneficiary of a contract made between other parties for his benefit may maintain an action against the promisor on the contract."[3] For a third party such as the Bank to have standing to enforce a contract, "it must clearly appear from the contract that it was intended for [the third party's] benefit. The mere fact that [the third party] would benefit from performance of the agreement is not alone sufficient."[4]

The Bank contends that it was the intended beneficiary of the Guaranty of Payment between U.S. Foodservice and Ray's, as modified by the April 4 letter. In support of this contention, the Bank points to evidence that the Ray's employee to whom the letter was addressed had informed U.S. Foodservice's president that the Bank required the letter to extend the line of credit. But "[b]ecause a third-party beneficiary may be created only by the express terms of the contract, a court does not generally consider parol evidence in its analysis."[5] And neither the April 4 letter nor the underlying Guaranty of Payment makes any reference to an obligation either party owed the Bank. The letter mentions the Bank only as the location of the account into which U.S. Foodservice agreed to wire funds due to Ray's under the Guaranty of Payment. Nowhere does it clearly appear that the parties intended either the wire agreement set forth in the April 4 letter or the Guaranty of Payment referenced therein to benefit the Bank.[6]

---

[3] OCGA § 9-2-20 (b).

[4] *Backus v. Chilivis*, 236 Ga. 500, 502 (II) (224 SE2d 370) (1976) (citing former Code Ann. § 3-108; other citations omitted); see *Allstate Ins. Co. v. Sutton*, 290 Ga. App. 154, 160-161 (4) (658 SE2d 909) (2008); *Raintree Trucking Co. v. First American Ins. Co.*, 245 Ga. App. 305, 308 (3) (534 SE2d 459) (2000).

[5] *Perry Golf Course Dev. v. Housing Auth. &c.*, 294 Ga. App. 387, 388 (1) (670 SE2d 171) (2008) (footnotes omitted).

[6] See id.; *Raintree*, supra. Compare *Starrett v. Commercial Bank of Ga.*, 226 Ga. App. 598, 599 (1) (486 SE2d 923) (1997) (the face of a settlement agreement within a divorce decree showed the parties' intent to make a bank a beneficiary, where the agreement specifically required the payment of one party's loan with the bank, identifying the bank by name and the

2. The Bank argues to this court that it should be allowed to proceed against U.S. Foodservice under the doctrine of promissory estoppel. The doctrine of promissory estoppel provides, in pertinent part, that "[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise."[7] U.S. Foodservice asserts that the Bank did not raise this argument in the trial court. But although the Bank did not expressly set forth a promissory estoppel argument in its complaint or in its opposition to summary judgment, the complaint did allege facts that, if proved, could entitle the Bank to relief under this doctrine,[8] and the Bank in opposing summary judgment did argue elements of promissory estoppel, asserting that it relied to its detriment upon the wire agreement, and that U.S. Foodservice knew of this reliance.

Nevertheless, the Bank's promissory estoppel argument fails because there is no evidence that injustice can be avoided only by the enforcement of the promise. The promise at issue here is that of U.S. Foodservice to make any payments owed to Ray's under the Guaranty of Payment by way of wire transfer to Ray's bank account, rather than by another method. This promise was conditioned upon U.S. Foodservice owing payments to Ray's. The undisputed evidence, however, showed that U.S. Foodservice did not owe payments to Ray's under the Guaranty of Payment, because Ray's breached that agreement and the parties subsequently entered into the Novation and Repayment Agreement with different obligations. The Bank cannot use the doctrine of promissory estoppel to transform a promise concerning method of payment into a promise that U.S. Foodservice would make payments it was not otherwise obligated to make or into a promise that it would guarantee in any way the Bank's loan to Ray's.[9]

3. There is no merit in the Bank's argument that its status as a third-party beneficiary to the Guaranty of Payment precluded the parties from entering into the Novation and Repayment Agreement. As found in Division 1,[10] the Bank was not a third-party beneficiary to the Guaranty of Payment.

---

loan by its outstanding balance).

[7] OCGA § 13-3-44 (a); see *Houston v. Houston*, 267 Ga. App. 450, 451 (600 SE2d 395) (2004).

[8] See generally *20/20 Vision Center v. Hudgens*, 256 Ga. 129, 135 (7), n. 6 (345 SE2d 330) (1986) (reversing dismissal of complaint because its allegations could support relief under theory of promissory estoppel, although complaint did not raise this argument).

[9] See *Kamat v. Allatoona Fed. Sav. Bank*, 231 Ga. App. 259, 263 (3) (498 SE2d 152) (1998) (promissory estoppel does not transform a conditional promise into an unconditional promise).

[10] Supra.

*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED OCTOBER 19, 2009.

*Vivian N. Hudson, J. Christopher Simpson*, for appellant.
*William M. Akin*, for appellee.