A09A1705. SCRUGGS v. PALISADES ACQUISITION XVI, LLC.
(690 SE2d 219)

ADAMS, Judge.

Palisades Acquisition XVI, LLC, as assignee of Citibank, brought a suit on an account against Rick Scruggs. Scruggs, proceeding pro se, answered and counterclaimed, and then subsequently filed an amended answer, counterclaim and cross-claim. The counterclaim was based, inter alia, on alleged violations of the Fair Debt Collection Practices Act. The cross-claim asserted various claims against the law firm and member attorneys who filed the initial complaint on behalf of Palisades. Palisades first moved to dismiss the cross-claim arguing in part that the law firm and the attorneys involved in the case were counsel of record but not otherwise parties to the case. Subsequently, Palisades also moved to dismiss the counterclaim against it, arguing that the allegations were not sufficiently definite. On March 16, 2009, the trial court entered two separate orders dismissing the counterclaim and the cross-claim. The same day these orders were entered, Palisades filed a voluntary dismissal of the action against Scruggs. Scruggs now appeals from the dismissal orders.

---

[6] See *Whatley v. State*, 266 Ga. 568, 569 (2) (468 SE2d 751) (1996).
[7] See *McGhee v. State*, 253 Ga. 278, 280 (2) (319 SE2d 836) (1984).

1. Scruggs assigns error to the filing of the initial complaint. However, he acknowledges in his brief on appeal that no issue remains on the original claim and in his reply brief he acknowledges that the voluntary dismissal of the complaint renders any issue related to the filing of the complaint moot. Thus, we need not address these contentions.

2. Scruggs also argues that the trial court failed to properly consider his claims asserted under the Fair Debt Collection Practices Act. Although Palisades moved to dismiss these counterclaims on the basis that they were not sufficiently and definitely pled, our review shows that Scruggs clearly set forth the factual and legal basis for his claims as well as the damages he allegedly suffered. Construing the counterclaim in favor of the party filing it, and resolving all doubts in his favor, as we must on review of a motion to dismiss, see, e.g., *Scouten v. Amerisave Mtg. Corp.*, 283 Ga. 72, 73 (2) (656 SE2d 820) (2008), we find the trial court erred by dismissing Scruggs' counterclaim. See also OCGA § 9-11-8 (a) (2), (e) & (f); *Houston v. Houston*, 267 Ga. App. 450 (600 SE2d 395) (2004).

3. However, the trial court did not err in dismissing Scruggs' cross-claim. Although a cross-claim may be filed against a co-party pursuant to OCGA § 9-11-13 (g), the named cross-claimants in this case — the attorneys and the law firm who represented Palisades in instituting this litigation — are not co-parties to this litigation and have not been added as additional parties as authorized under certain circumstances by OCGA § 9-11-13 (h). The order dismissing the cross-claim is thus affirmed.

4. Based on the foregoing, it is unnecessary for us to consider Scruggs' remaining arguments on appeal.

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Doyle, J., concur.*

DECIDED JANUARY 20, 2010.

Rick Scruggs, *pro se.*
*Christopher J. Diwan, Jennifer Hubbard, Lavern M. Ferdinand,* for appellee.